PATRICK MURPHY, Indiv. and as Adm'r of the Estates of Theresa Murphy *et al.*, Deceased, Plaintiff-Appellant, *v.* DR. JACOB GIARDINA, M.D., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 77-1569

Opinion filed October 29, 1979.—Modified on denial of rehearing December 3, 1979.

John J. Lowery, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John G. Langhenry, Jr., and Stanley Davidson, of counsel), for appellee St. Anne's Hospital.

Mark C. Fedota and William J. Rogers, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee Elio G. Vento, M.D.

Jerome N. Groark, Terrence E. Kiwala, and Lorenzo Bracy, all of Rooks, Pitts, Fullagar, and Poust, of Chicago, for appellee Bruno S. Cortis, M.D.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Patrick Murphy filed a wrongful death action against defendant Dr. Jacob Giardina for the deaths of his pregnant wife Theresa and unborn son, John. One day short of the two-year statute of limitations, plaintiff filed his first amended complaint naming appellees St. Anne's Hospital, Dr. Bruno Cortis, and Dr. Elio Vento, respondents in discovery, pursuant to section 21.1 of the Civil Practice Act. The trial court subsequently dismissed the amended complaint on the basis that section 21.1 of the Civil Practice Act was unconstitutional. Plaintiff was given leave to file a second amended complaint.

Several weeks later, plaintiff filed a second amended complaint, naming the appellees as additional defendants. The trial court dismissed the complaint on the grounds that it was filed beyond the two-year statute of limitations. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred (1) in dismissing the first amended complaint as unconstitutional since there was no proper foundation for such a finding; (2) in dismissing the second amended complaint since the provisions of section 46 of the Civil Practice Act abated the running of the statute of limitations; and (3) in dismissing the second amended complaint since section 24 of the Limitations Act allows plaintiffs who have been nonsuited to refile within one year and section 26 of the Civil Practice Act requires necessary parties to be joined as defendants.

We affirm.

The facts are not disputed. Theresa Murphy, deceased, was admitted to defendant St. Anne's Hospital for complications arising during her pregnancy. Her condition worsened and on December 17, 1974, both she and her unborn son, John, died. Consequently, on November 10, 1975, plaintiff Patrick Murphy, individually and as administrator of the estate of his wife and son, filed the instant wrongful death suit against defendant Dr. Jacob Giardina. In the original complaint, Dr. Giardina was the only defendant.

On December 16, 1976, plaintiff filed his first amended complaint naming Dr. Giardina as defendant and as respondents in discovery pursuant to section 21.1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 21.1) St. Anne's Hospital, Dr. Elio Vento and Dr. Bruno Cortis. It was alleged that each respondent in discovery had "information essential to the determination of who should properly be named as additional defendants in this action."

St. Anne's Hospital moved to dismiss the first amended complaint asserting that section 21.1 was unconstitutional. The motion was denied.

On February 15, 1977, and May 31, 1977, respectively, Dr. Cortis and Dr. Vento each filed a motion to dismiss asserting that section 21.1 was unconstitutionally vague and constituted a denial of equal protection and due process. On May 31, 1977, a hearing was held on the doctors' motions after which the trial court ruled that section 21.1 was unconstitutional. The trial court then dismissed Drs. Vento and Cortis as respondents in discovery. Plaintiff, however, was given leave to file a second amended complaint. Subsequently, St. Anne's Hospital filed another motion to dismiss which was granted.

On July 7, 1977, plaintiff filed his second amended complaint naming as additional defendants St. Anne's Hospital, Drs. Cortis and Vento. The complaint alleged specific acts of negligence on the part of each defendant which proximately caused the deaths of Theresa and John Murphy. St. Anne's Hospital, Drs. Cortis and Vento moved to dismiss the complaint on the grounds that it was barred by the statute of limitations. The motions were granted and plaintiff appeals.

■■ On appeal, plaintiff first argues that the trial court improperly ruled that section 21.1 of the Civil Practice Act was unconstitutional. Because the allegations raised in defendants' motions to dismiss were vague and conclusory, they were insufficient, as a matter of law, to raise a constitutional issue. Consequently, plaintiff concludes that the trial court's ruling was without proper foundation and therefore improper.

■■ We find it unnecessary to consider whether the trial court properly ruled that section 21.1 was unconstitutional since plaintiff failed to comply with its terms, regardless of its constitutionality. The recent case of *Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 329 N.E.2d 729 noted that under section 21.1 a person named as a respondent in discovery may be made a defendant in the same action at any time within 6 *months* after he is named as a respondent in discovery. Unlike *Whitley*, however, plaintiff here failed to name St. Anne's Hospital, Drs. Cortis and Vento as defendants within 6 months after naming them as respondents in discovery. It was not until July 7, 1977, that plaintiff named them as defendants in the suit, nearly seven months after they were

named respondents in discovery. Having failed to comply with section 21.1, plaintiff is precluded from relying on its provisions. Consequently, a determination by us that section 21.1 is constitutional would do nothing to further plaintiff's cause.

Plaintiff next argues that the trial court erroneously dismissed his second amended complaint, believing it to have been barred by the statute of limitations. He first relies on section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(1)) which allows amendments to be made "any time before final judgment" on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant.

■■ Plaintiff's reliance on section 46(1) is misplaced for two reasons. First, the record indicates that this argument is being raised for the first time on appeal, which is improper. (*Cardamone v. Allstate Insurance Co.* (1977), 49 Ill. App. 3d 435, 364 N.E.2d 460.) Second, his interpretation of section 46(1) is manifestly incorrect. Plaintiff assumed that because section 46(1) does not address the situation where defendants, who should have been joined, are joined after the statute of limitations has run, such defendants can be joined "any time before final judgment" without regard to the statute of limitations. This is not the law. If such were the law, then it would have been unnecessary for the legislature to have included subsection (4) which, as the Committee Comments note, permits a cause of action to continue where the plaintiff sues the wrong defendant but serves process upon the agent of the right defendant, even though the statute of limitations has run before ratification of the mistake. Indeed, it is for this reason that plaintiff has been unable to cite any cases supporting his view. Our position is consistent with the traditional view that plaintiff could not avail himself to the protection of subsection (4) either since this cause of action does not involve service of process upon an agent.

Plaintiff next argues that section 46(2) operated to preclude the running of the statute of limitations barring his cause of action against St. Anne's Hospital, Drs. Cortis and Vento, as set forth in his second amended complaint. Section 46(2) reads as follows:

"(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original

pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, if the condition precedent has in fact been performed, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended.

Plaintiff contends that since St. Anne's Hospital, Drs. Cortis and Vento were already made parties to the suit as respondents in discovery, the second amended complaint, naming them as defendants, was in effect, an amendment under section 46(2), adding a new cause of action after the running of the statute of limitations. As such, the second amended complaint was not barred by lapse of time.

This argument fails for several reasons. First, it is being raised for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417; *Cardamone v. Allstate Ins. Co.* (1977), 49 Ill. App. 3d 435, 364 N.E.2d 460.) Second, as noted previously, plaintiff could not properly utilize the respondents in discovery provision of section 21.1 since it was not yet effective when this suit was filed. Thus, the second amended complaint was not merely a continuation of the first amended complaint, adding additional causes of action. It was, in effect, the commencement of a new action beyond the two-year statute of limitations. Third, the relation-back provision of section 46(2), upon which plaintiff relies, presupposes the existence of a complaint filed within the limitation period which "furnishes to the defendant all of the information necessary to prepare its defense to the claim subsequently asserted in the amended complaint." (*Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.) The first amended complaint failed to meet this criteria. It contained no specific allegations against the appellees which would assist them in the preparation of their defense. It merely requested information essential to the determination of who should properly be made a defendant.

Lastly, plaintiff argues that the trial court should have allowed the filing of his second amended complaint by virtue of section 24 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 24a) and section 26 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 26).

Neither of these contentions is well founded. Section 24 provides that an action may be refiled within one year after:

"* * * judgment is given for the plaintiff but reversed on appeal; or if there is a verdict for the plaintiff and, upon matter alleged in

arrest of judgment, the judgment is given against the plaintiff; or the action is voluntarily dismissed by the plaintiff; or the action is dismissed for want of prosecution * * *."

It is clear that the trial court's order of May 31, 1977, dismissing plaintiff's first amended complaint did not fall into any of these categories. The order was a dismissal of the complaint on its merits. Therefore, section 24a is inapplicable and does not preclude the trial court's dismissal of the second amended complaint.

■■ Section 26 of the Civil Practice Act permits the joinder of additional parties to a suit either before or after judgment if the court finds that the additional parties are "necessary". Plaintiff's reliance on section 26 is misplaced. Nowhere in the statute or the cases construing it, is authority given to add new parties after the statute of limitations has run. Further, even if section 26 were applicable, trial courts are given broad discretion when determining whether new parties should be added. (*Hamer v. Mahin* (1973), 13 Ill. App. 3d 51, 299 N.E.2d 595.) Since plaintiff never requested the trial court to add appellees as new parties, it is impossible for us to determine whether the trial court abused its discretion in this matter. Again, plaintiff is improperly raising an issue for the first time on appeal.

Accordingly, for the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.