ORZELL SPEARS, Plaintiff-Appellant, *v.* FERRO CORPORATION *et al.*, Defendants-Appellees.

First District (1st Division)    No. 79-1872

Opinion filed November 3, 1980.

Raskin, Gerstein, Apostal & Feo, of Chicago, for appellant.

Thomas H. Stern, P. C., of Chicago (Joel S. Ostrow, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant corporation Thyssen Henschell, A.G., moved to dismiss a suit brought against it by plaintiff Orzell Spears since it had not been made a party defendant within the two year statute of limitations period provided by law. From this order plaintiff appeals.

The sole issue on appeal is whether a plaintiff may amend a complaint after the expiration of the statute of limitations to add a corporation as an additional defendant when another corporation with a confusingly similar name was named as a defendant in the original complaint, which had been filed within the limitations period.

We affirm.

Plaintiff Spears, an employee of Ferro Corporation was injured on March 3, 1976, while operating a plastic mixing machine at work. On July 27, 1977, plaintiff filed a complaint naming Ferro and other unknown manufacturers as defendants. A first amended complaint was filed naming H.P.M. Corporation as an additional defendant on September 20, 1977.

Six days later, the assistant treasurer of H.P.M. Corporation sent a letter to plaintiff, informing him that the mixing machine had been designed and manufactured by a company which had been "purchased and/or merged" with a corporation named Thyssen, Inc. Additionally, the letter informed plaintiff that the mixing machines were still being manufactured by a West German corporation named Thyssen Henschel. H.P.M. was dismissed from the suit, and plaintiff filed a second amended complaint naming Thyssen, Inc., as a defendant.

Thyssen, Inc., informed plaintiff that it had no commercial or other relation to the plastic mixing machine. Despite this fact, the corporation agreed to attempt to confirm for plaintiff the identity of the manufacturer of the mixing machine. Plaintiff and Thyssen, Inc., agreed that if Thyssen, Inc., furnished the identity of the manufacturer, plaintiff would enter a voluntary dismissal with prejudice of Thyssen, Inc.

On March 3, 1978, the statute of limitations expired. Shortly thereafter, Thyssen, Inc., informed plaintiff that Thyssen Henschel, A.G., located in West Germany, was the manufacturer. On April 3, 1978, plaintiff voluntarily moved to dismiss Thyssen, Inc., and the dismissal was granted on September 20, 1978, naming Thyssen Henschel, A.G., as an additional defendant. Service of process was had upon Thyssen Henschel, A.G., on December 8, 1978.

On January 4, 1979, Thyssen Henschel, A.G., filed an appearance and motion to strike the complaint for plaintiff's failure to commence the action against the proper defendant prior to the expiration of the statute of limitations. On June 28, 1979, the trial court ordered that the entire complaint be stricken and that the defendant Thyssen Henschel, A.G., be dismissed with prejudice. Plaintiff appeals from this order.

Defendant Thyssen Henschel, A.G., contends that the trial court properly dismissed the suit, since plaintiff failed to file the action against it within the two years allowed by the applicable statute of limitations. Plaintiff, on the other hand, asserts that the claim against Thyssen Henschel, A.G., is not barred because all five requirements of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(4)) were met.

Section 46(4) permits a plaintiff to amend a complaint after the statute of limitations has expired, to include a party not originally named as a defendant if all of the following conditions are met:

"(a) the period of limitations had not expired when the original action was commenced;

(b) failure to join the additional party was inadvertent;

(c) service of summons was in fact had upon the person, his agent or partner, even though he was served in the wrong capacity or as agent of another;

(d) the additional defendant, within the time that the action might have been brought or asserted against him, knew that the original action was pending and that it grew out of a transaction involving him;

(e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence." *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287.

Subsection (4) was added in 1955 to cover the situation in which a plaintiff sues the wrong defendant but serves process upon the right defendant or his agent, and the statute of limitations runs on the claim before rectification of the mistake. Ill. Ann. Stat., ch. 110, par. 46(4), Historical and Practice Notes, at 257 (Smith-Hurd 1968); *Murphy v. Giardina* (1979), 78 Ill. App. 3d 896, 397 N.E.2d 845.

The focus of our inquiry is whether an agent of the right defendant was served prior to the expiration of the statute of limitations. Plaintiff asserts that Thyssen, Inc., which was properly served within the two-year limitations period, is a wholly owned subsidiary of Thyssen Henschel, A.G. Plaintiff claims that because of this relationship, knowledge of the pendency of the suit can be imputed to Thyssen Henschel, A.G., by reason of the service on Thyssen, Inc. There is no evidence in the record, however, that the two companies are in any way related.

Since the record contains no evidence of such connection, we are unable to conclude that an agent of the right defendant was served, as required by section 46(4)(c). Plaintiff's failure to show that Thyssen Henschel, A.G., was served either directly or through an agent before the expiration of the statute of limitations is fatal.

Since section 46(4) requires that all five conditions must be met before a defendant may be added, it is unnecessary for us to inquire into whether the remaining requirements have been met.

For the above stated reasons, the order of the circuit court of Cook County is affirmed.

Order affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.