MINDY D. SULLIVAN, Plaintiff-Appellant, *v.* LUIS RODRIQUEZ *et al.*, Defendants-Appellees.

First District (4th Division)    No. 80-2409

Opinion filed September 24, 1981.

Joseph L. Dombrowski, Joan Sorenson, and Christopher S. Carroll, all of Chicago, for appellant.

Epton, Mullin, Segal & Druth, Ltd., of Chicago (William F. Mahoney and Mary F. Stafford, of counsel), for appellee Riddle Cartage, Inc.

Mr. JUSTICE LINN delivered the opinion of the court:

The defendant-corporation, Riddle Cartage, Inc., moved to dismiss a personal injury suit brought against it by plaintiff, Mindy D. Sullivan, since it had not been made a party-defendant within the 2-year statute of limitations period. After a hearing, this motion was granted by the trial court. Plaintiff appeals, contending that the trial court erred in striking her complaint on the sole ground that it was barred by the statute of limitations since the amended complaint, filed after the expiration of the limitations period and naming Riddle Cartage, Inc., as defendant, related back to the original complaint which was timely filed.

We affirm.

On February 16, 1979, plaintiff filed a suit for personal injury and other damages sustained in a collision on March 10, 1977. That complaint named Luis Rodriquez and Riddle Cartage Cut Stone (hereinafter RCCS), Rodriquez' alleged employer, as defendants. RCCS filed an answer on March 26, 1979, alleging that its proper name was Riddle Cartage Cut Stone Division, Inc., and denying that it ever employed Luis Rodriquez. On August 23, 1979, plaintiff took the deposition of G. E. Riddle, president of RCCS, and during that deposition it was established that no employee, agent or servant of RCCS had been involved in the accident. In addition, the deposition disclosed the existence of a separate corporation with a similar name, Riddle Cartage, Inc. On September 18, 1979, approximately 6 months after the 2-year statute of limitations had expired, plaintiff moved to dismiss RCCS and amend the complaint to add Riddle Cartage, Inc., as a defendant. Although Riddle Cartage, Inc., was not represented at the hearing, this motion was allowed by the trial court and an amended complaint was filed on the same date.

Thereafter, Riddle Cartage, Inc., filed its appearance and moved to strike the amended complaint as being barred by the statute of limitations. In response, plaintiff argued that section 26 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26) permits joinder of a party at any time within the sound discretion of the trial court. The defendant-corporation replied that section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(4)) governed the situation in that it permitted a new party to be added as a defendant after the expiration of the statute of limitations only when all conditions of that section were met, including section (c) which required that the defendant-corporation or its agent be served with summons. Riddle Cartage, Inc., then went on to deny that it was in any way connected with RCCS. After considering the pleadings and the arguments of counsel, the trial court granted defendant's motion to strike the amended complaint and dismissed Riddle Cartage, Inc., with prejudice.

As stated above, plaintiff contends that the trial court erred in dismissing Riddle Cartage, Inc., as a party-defendant since the amended complaint filed after the expiration of the limitations period related back to the initial complaint which was timely filed. We are not in agreement with this contention.

Section 46(4) of the Civil Practice Act permits a plaintiff to amend a complaint after the statute of limitations has run to include a party not originally named as a defendant if all of the following conditions are met:

"(a) The period of limitations had not expired when the original action was commenced;

(b) failure to join the additional party was inadvertent;

(c) service of summons was in fact had upon the person, his agent or partner, even though he was served in the wrong capacity or as agent of another;

(d) the additional defendant, within the time that the action might have been brought or asserted against him, knew that the original action was pending and that it grew out of a transaction involving him;

(e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleadings grew out of the same transaction or occurrence." (*Spears v. Ferro Corp.* (1980), 89 Ill. App. 3d 1036, 1038, 412 N.E.2d 690; see also Ill. Rev. Stat. 1979, ch. 110, par. 46(4).)

The aforementioned subsection was added to the Civil Practice Act in 1955 in order to cover the situation in which a plaintiff sues a wrong defendant but serves process upon the right defendant or his agent, and the statute of limitations expires on the claim before the mistake can be corrected. *Murphy v. Giardina* (1979), 78 Ill. App. 3d 896, 900, 397 N.E.2d 845.

In *Spears v. Ferro Corp.* (1980), 89 Ill. App. 3d 1036, 1038, 412 N.E.2d 690, the First District Appellate Court considered the same issue which we examine in this appeal. In that case, the plaintiff was injured while using a plastic mixing machine. His second amended complaint, which was filed within the 2-year statute of limitations, named Thyssen, Inc., as the defendant-manufacturer of the aforementioned machine. Thyssen in turn informed plaintiff that it had no commercial or other relationship to the plastic mixing machine but agreed to attempt to confirm for plaintiff the identity of the manufacturer of that instrument. After the 2-year statute of limitations had expired, Thyssen, Inc., notified plaintiff that Thyssen Henschel, A. G., a West German corporation, was the manufacturer of the defective mixing machine. Plaintiff then voluntarily moved to dismiss Thyssen, Inc., and filed a third amended complaint naming Thyssen Henschel, A. G., as an additional defendant. Thyssen Henschel then appeared and moved to strike the complaint as barred by the statute of limitations. This motion was granted by the trial court. This court affirmed and, in discussing plaintiff's claim on appeal that Thyssen, Inc., was a wholly-owned subsidiary of Thyssen Henschel, A. G., and that, because of this relationship, knowledge of the pendency of the suit could be imputed to Thyssen Henschel, it stated:

"There is no evidence in the record, however, that the two companies are in any way related.

Since the record contains no evidence of such connection, we are unable to conclude that an agent of the right defendant was served, as required by section 46(4)(c). Plaintiff's failure to show that

Thyssen Henschel, A. G., was served either directly or through an agent before the expiration of the statute of limitations is fatal." 89 Ill. App. 3d 1036, 1039.

In the present matter, plaintiff presented no evidence of a corporate connection between Riddle Cartage, Inc., and RCCS, the company which was named as a defendant in the complaints filed within the 2-year statute of limitations. A careful examination of the record reveals nothing which would indicate that Riddle Cartage, Inc., was served either directly or indirectly through an agent before the expiration of the limitations period. Moreover, the motion and memorandum of law filed by Riddle Cartage, Inc., in its request that it be dismissed as a party-defendant denied specifically any connection between it and RCCS and stated that service upon it took place after the limitations period had expired.

■■ Plaintiff does not contend that the two corporations are related, but attempts to shift the burden of disproving such connection to Riddle Cartage, Inc. However, the language of the *Spears* opinion indicates that such burden is plaintiff's and not one that must be satisfied by defendant. Since the record on appeal contains no evidence of a corporate connection, we cannot conclude that an agent of the right defendant was served during the limitations period, as required by section 46(4)(c). For this reason, it is evident that the requirements of section 46(4) have not been met.

The order of the circuit court of Cook County, dismissing Riddle Cartage, Inc., as a party-defendant, is therefore affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.