2021 IL App (1st) 200864-U

FIFTH DIVISION
JUNE 30, 2021

No. 1-20-0864

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| KAREN LUMPUY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 L 10344 |
| | ) | |
| CHICAGO WAX 2, LLC, | ) | Honorable |
| | ) | Melissa A. Durkin, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's order dismissing the plaintiff's amended complaint is affirmed.

¶ 2    The plaintiff-appellant, Karen Lumpuy, brought a personal injury action against the defendant-appellee, Chicago Wax 2, LLC (Chicago Wax), in the circuit court of Cook County. The circuit court dismissed Ms. Lumpuy's amended complaint and Ms. Lumpuy now appeals. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 3                            BACKGROUND

¶ 4    On August 23, 2019, Ms. Lumpuy filed her original complaint against EWC Waxing 10

LLC (EWC), which is not a party to this appeal. Ms. Lumpuy's original complaint alleged that, on September 8, 2017, she was a customer at a waxing salon in Skokie, Illinois, and that she suffered injuries when she "was required to jump off [an] elevated table." The original complaint alleged that the salon was owned and operated by EWC. EWC filed a *pro se* answer through an owner of its business, stating that it acquired the salon on September 18, 2017, and that another company, Chicago Wax, owned and operated the salon on September 8, 2017.

¶ 5 On October 24, 2019, Ms. Lumpuy filed an amended complaint, which is the subject of this appeal. The amended complaint added Chicago Wax as a defendant for counts III (negligence) and IV (premises liability). The amended complaint stated that Chicago Wax owned and operated the salon on September 8, 2017, when Ms. Lumpuy was allegedly injured. Chicago Wax was served with the amended complaint on January 9, 2020.

¶ 6 On February 14, 2020, Chicago Wax filed a combined motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619) (West 2020)) and Supreme Court Rule 103(b) (eff. July 1, 2007). Chicago Wax argued that Ms. Lumpuy's amended complaint should be dismissed pursuant to section 2-619 because it is time barred by the statute of limitations, which requires a personal injury complaint to be filed within two years of the alleged injury. The motion averred that because Ms. Lumpuy's alleged injury occurred on September 8, 2017, she should have filed her complaint against Chicago Wax by September 8, 2019, which she failed to do. The motion further argued that the amended complaint should be dismissed pursuant to Rule 103(b) because Ms. Lumpuy failed to exercise reasonable diligence in identifying Chicago Wax as a defendant in the lawsuit and serving it the amended complaint in a timely way. Chicago Wax's motion additionally argued that Ms. Lumpuy failed to identify the proper party that she intended to sue pursuant to Supreme Court Rule 224 (eff. Jan. 1, 2018).

¶ 7    In response to Chicago Wax's motion to dismiss, Ms. Lumpuy argued that her amended complaint related back to her original complaint, which was filed against EWC on August 23, 2019, prior to the expiration of the statute of limitations. She claimed that Rule 103(b) only requires that a plaintiff demonstrate diligence in serving a defendant, and that she was diligent in trying to serve Chicago Wax once she learned it was the proper defendant. She then invoked the relation-back doctrine, arguing that her amended complaint related back to her original complaint, and therefore it was not time barred.

¶ 8    Chicago Wax filed a brief in support of its motion to dismiss, in which it averred that the relation-back doctrine requires a plaintiff to act with due diligence in serving the proper party such that the defendant *would be put on notice* of the lawsuit. Chicago Wax argued that Ms. Lumpuy had failed to act diligently. Chicago Wax stressed that there was never confusion concerning its identity, as it was "prominently display[ed]" on the Illinois Secretary of State's website. Chicago Wax claimed it had no reason to be put on notice of the lawsuit until it was served on January 9, 2020, and so it was then prejudiced in its ability to defend itself. Chicago Wax also argued that Ms. Lumpuy's lack of due diligence was underscored by Ms. Lumpuy waiting until 16 days before the expiration of the statute of limitations to file her lawsuit.

¶ 9    On June 8, 2020, the trial court entered a memorandum order granting Chicago Wax's motion to dismiss. In its ruling, the trial court cited *Spears v Ferro Corp.*, 89 Ill. App. 3d 1036 (1980), and noted that in order for the relation-back doctrine to apply in this case to prevent the amended complaint from being time barred by the statute of limitations, Chicago Wax must have received timely notice of the original complaint. The trial court found that because Chicago Wax does not share any of the same managers with EWC, any notice EWC had of the lawsuit did not confer notice upon Chicago Wax. The trial court held that Ms. Lumpuy's failure to serve Chicago

Wax *before the statute of limitations expired* was "fatal" to her complaint against it. The court dismissed the counts against Chicago Wax with prejudice. The trial court's order also stated that there was no just reason to delay an appeal, pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 10    Ms. Lumpuy moved for reconsideration of the trial court's order of dismissal. She argued that the trial court erred in applying the law as outlined in *Spears* because it was an old case and no longer the law in Illinois. Ms. Lumpuy further vigorously argued that she had acted with diligence in trying to identify and serve Chicago Wax and therefore she satisfied the relation-back doctrine.

¶ 11    On July 14, 2020, the trial court denied Ms. Lumpuy's motion for reconsideration. In so ruling, the trial court noted that Ms. Lumpuy relied upon federal case law which the trial court found distinguishable. The trial court's order stated:

> "In this case, [Ms.] Lumpuy filed suit [in] her original complaint against [EWC], an entity utterly unrelated to [Chicago Wax]. Both defendants in this case share the word "wax" in their corporate names, but this court correctly concluded that these entities have nothing else in common. [Ms.] Lumpuy's amended complaint does not relate back to her timely filed complaint because [Chicago Wax] was added as a party defendant *after* the statute of limitations had run, *and it had no notice of the complaint*." (Emphasis added.)

The order cited Rule 304(a) and found that there was no just reason to delay an appeal to this court. Ms. Lumpuy subsequently filed a notice of appeal.

¶ 12                                   ANALYSIS

¶ 13    We note that we have jurisdiction to consider this matter. The trial court entered a final judgment dismissing the counts against Chicago Wax and provided Rule 304(a) language that there was no just reason to delay an appeal, and Ms. Lumpuy filed a timely notice of appeal from that order. See Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016); R. 303 (eff. July 1, 2017).

¶ 14    Ms. Lumpuy presents the following sole issue: whether the trial court erred in dismissing her amended complaint. She argues that her amended complaint related back to her original complaint because Chicago Wax was provided timely notice of the lawsuit, as "[i]t is clear from reading the complaint *** that the claim is directed against the owner/operator of the [salon] on September 8, 2017." The crux of her argument, however, is that the pertinent current law allows for service of process beyond the statute of limitations under certain circumstances by "the time for service permitted under Supreme Court Rule 103(b)." Ms. Lumpuy claims that, once she learned Chicago Wax owned the salon on September 8, 2017, she demonstrated due diligence in serving Chicago Wax even though "it was not easy" to do so. She accordingly argues that the trial court should not have granted Chicago Wax's motion to dismiss pursuant to section 2-619.

¶ 15    A motion to dismiss brought under section 2-619 admits the legal sufficiency of the complaint but asserts a defense that defeats it. *Bedin v. Northwestern Memorial Hospital*, 2021 IL App (1st) 190723, ¶ 38. A dismissal of a complaint pursuant to section 2-619 is proper where the claim asserted against the defendant is barred by an affirmative matter avoiding the legal effect of or defeating the claim. *Id*; 735 ILCS 5/2-619(a)(9) (West 2020). Our review of a trial court's dismissal of a complaint under section 2-619 is *de novo. Bedin*, 2021 IL App (1st) 190723, ¶ 38.

¶ 16    Chicago Wax's section 2-619 motion to dismiss was based on the statute of limitations. The parties agree that the two-year statute of limitations had expired by the time Ms. Lumpuy filed

her amended complaint against Chicago Wax. 735 ILCS 5/13-202 (West 2020) (a personal injury action must be commenced within two years). The dispute arises, however, concerning the relation-back doctrine pursuant to section 2-616(d) of the Code, which provides:

"(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if *all* the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) *the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her*; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." (Emphasis added.) 735 ILCS 5/2-616(d)

(West 2020).

This language reflects the 2002 legislative amendment to section 2-616(d), which was intended to mirror Rule 15(c) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15(c) (eff. Dec. 1, 2009)).[1] See *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 42. Consequently, section 2-616(d), is now substantially similar to Federal Rule 15(c), which provides that an amended pleading naming a new party will relate back to the filing date of the original pleading as long as, *inter alia*, the new party (1) "received such notice of the action that it will not be prejudiced in defending on the merits," and (2) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *Borchers*, 2011 IL App (2d) 101257, ¶ 42.

¶ 17    Ms. Lumpuy specifically cites the language from section 2-616(d) of the Code which appears in the most recently amended version of the statute. Section 2-616(d) of the Code allows service, under certain conditions, upon a defendant who was not originally named in a complaint. Ms. Lumpuy relies heavily on the phrase that allows service outside the statute of limitations if such service is perfected within the time the action might have been brought or the right asserted against him or her *plus the time for service permitted under Supreme Court Rule 103(b)*. She places great emphasis on the meaning of the last phrase of the rule asserting that the language puts this case within the parameters of the relation-back doctrine.

¶ 18    Ms. Lumpuy's entire argument is based on her conclusion that section 2-616(d) allows service of process upon a newly named defendant beyond the statute of limitations so long as the plaintiff can show due diligence in perfecting service as outlined in Supreme Court Rule 103(b).

---

[1]Because of the similarities between the two provisions, "Illinois courts have looked to federal precedent interpreting Rule 15(c)(1)(C) for guidance in interpreting section 2–616(d)." *Zlatev v. Millette*, 2015 IL App (1st) 143173, ¶ 24.

Ms. Lumpuy highlights the fact that the language "plus the time for service permitted under Supreme Court Rule 103(b)" was added to the statute when it was last amended by the legislature. She argues that the logical inference to be drawn is that, if she can establish diligence in serving the amended complaint upon Chicago Wax such as to comply with the principles as outlined in Rule 103(b), then she is entitled to serve Chicago Wax with the amended complaint beyond the statute of limitations. She argues that the question for the trial court and now this court is whether she acted with diligence in serving Chicago Wax in accordance with the interpretation of Rule 103(b) by Illinois courts. Ms. Lumpuy's argument details her efforts to serve Chicago Wax with the amended complaint once she learned that it was the entity that owned and operated the waxing salon at the time of her injury. She does not discuss nor respond to Chicago Wax's argument that her diligence, or lack thereof, includes Ms. Lumpuy's filing of the original complaint only 16 days before the expiration of the statute of limitations. Chicago Wax's argument on that point infers that, had Ms. Lumpuy acted with diligence in filing her complaint in the first instance, she would have discovered sooner that she sued the wrong party. She could then have corrected her error within the statutory time limit for filing her complaint.

¶ 19    We note that Ms. Lumpuy presents the issue on appeal solely as, whether the trial court erred in dismissing her amended complaint. While that is surely the overarching issue, the resolution of this dispute lies in answering the additional questions of: (1) whether the trial court's ruling that Ms. Lumpuy's service of process upon Chicago Wax beyond the statute of limitations was fatal to her amended complaint against that entity; (2) whether the language of section 2-616(d) allows Ms. Lumpuy additional time beyond the statute of limitations, in which to serve Chicago Wax, who had not been named prior to the expiration of the statute of limitations, so long

as she complied with of Rule 103(b); and (3) whether, under the facts of this case, the relation-back doctrine is applicable to save the amended complaint.

¶ 20    Additionally, in resolving this case, we must determine whether the notice condition of section 2-616(d) was satisfied, such that Chicago Wax received notice of Ms. Lumpuy's lawsuit such that it will not be prejudiced in maintaining a defense on the merits; and that it knew or should have known that, but for a mistake concerning the identity of the proper defendant, the action would have been brought against it earlier. The two other conditions of section 2-616(d) are not at issue.

¶ 21    The purpose of the statute of limitations as applicable here is to allow litigants a period of time (two years) in which to litigate disputes of this type. The two-year period gives a plaintiff sufficient time to gather the facts for his claim while not allowing an extended amount of time to elapse, thereby prejudicing the defendant's ability to gather the facts needed to defend himself.  A key element which underpins all of this is *notice* to the defendant that he is being sued.

¶ 22    As already discussed, the 2002 amendment to section 2-616(d) was designed to mirror Federal Rule 15(c). See *Borchers*, 2011 IL App (2d) 101257, ¶ 42 (the amendment was intended to align section 2-616(d) with Federal Rule 15(c)). Because of the origin of section 2-616(d), when there is a dearth of Illinois case law applicable to a particular set of facts, as in this case, we may look to federal case law which interprets Federal Rule 15(c) in construing the similar Illinois statute. *In re Appointment of Special Prosecutor*, 2019 IL 122949, ¶ 35; see also *Owens v. VHS Acquisition Subsidiary No. 3, Inc.*, 2017 IL App (1st) 161709, ¶ 27 (where a provision of the Illinois Code of Civil Procedure is patterned after a Federal Rule of Civil Procedure, such as 2-616(d) and Rule 15(c), federal cases interpreting the federal rule are persuasive authority with

regard to the application of the Illinois provision). We are accordingly guided by a case from the United States Supreme Court, *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010).

¶ 23 In *Krupski*, the United States Supreme Court made clear that, pursuant to Rule 15(c), an amended pleading relates back to the date of a timely filed original pleading and "is thus itself timely even though it was filed outside an applicable statute of limitations," where, among other things, the party to be brought in by amendment *knew or should have known that the action would have been brought against it*, but for a mistake concerning the proper party's identity. *Id.* at 541. In determining such an issue, "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 548. The Supreme Court ultimately concluded that the proper defendant in that case did know (or should have known) that the action was meant to be brought against it because it was related to the originally named defendant, and the original defendant's notice of the lawsuit conferred constructive notice upon the proper defendant. *Id.* at 554, 556.

¶ 24 The record on appeal in the instant matter is devoid of any evidence showing that Chicago Wax had notice of Ms. Lumpuy's lawsuit or that it knew or should have known, that, but for Ms. Lumpuy mistakenly identifying EWC as the owner of the salon on September 8, 2017, she would have filed her original complaint against Chicago Wax. As the trial court noted and unlike the parties in *Krupski* which were related corporate entities, Chicago Wax shares *nothing* in common with EWC, such that any notice to EWC would confer notice upon Chicago Wax. There is nothing to suggest that there was any overlap of personnel between EWC and Chicago Wax or even any ongoing communication between the two entities after the salon was sold on September 18, 2017. In fact, there is absolutely no evidence to rebut Chicago Wax's assertion that its *first knowledge* of the lawsuit came when it was served with the amended complaint on January 9, 2020, nearly

*four months* after the statute of limitations had expired. This is in contrast to *Krupski* and cannot support a finding that Chicago Wax knew or should have known about the lawsuit in a timely way to make the relation-back doctrine applicable. See *Maggi v. RAS Development, Inc.*, 2011 IL App (1st) 091955, ¶ 37 ("for purposes of relation back, the question is not whether a *plaintiff* knew or should have known of the identity of the *proper defendant*, but whether the proper defendant knew or should have known that it would have been named as a defendant but for an error").

¶ 25    Ms. Lumpuy does not address this issue but rather argues that the 2002 amendment to section 2-616(d) which states, in pertinent part, "within the time that the action might have been brought or the right asserted against him or her *plus the time for service permitted under Supreme Court Rule 103(b)*," gives her additional time beyond the statute of limitations in which to serve Chicago Wax so long as she was diligent in pursuing service. The trial court rejected that argument and essentially ruled that simply because section 2-616(d) allows for additional time for service does not mean that parties can file lawsuits and serve the defendant *beyond the statute of limitations* regardless of diligence, especially when, as is the case here, the defendant had no knowledge whatsoever of the lawsuit. Although Rule 103(b) does not set forth a specific time in which a defendant must be served, a primary purpose of the rule is to prevent the intentional delay of service of summons upon a defendant for an indefinite amount of time in order to gain an advantage. *Emrikson v. Morfin*, 2012 IL App (1st) 111687, ¶ 16.

¶ 26    Here, Ms. Lumpuy was allegedly injured on September 8, 2017; she filed her original complaint against EWC on August 23, 2019; she filed her amended complaint against Chicago Wax on October 24, 2019; and she served Chicago Wax with the amended complaint on January 9, 2020. Notwithstanding Ms. Lumpuy's argument regarding her diligence in obtaining service, nothing in the record shows that Chicago Wax had any reason to be alerted to the lawsuit prior to

January 9, 2020, nearly *four months* after the statute of limitations had expired. The trial court found this troubling. While it is true that Ms. Lumpuy made a fervent argument regarding her efforts to serve Chicago Wax once she discovered her error in naming EWC as the defendant, as we noted, she makes no response to Chicago Wax's argument that a demonstration of diligence would preclude waiting until 16 days before the statute of limitations expired to file the lawsuit. As Chicago Wax inferred, Ms. Lumpuy did not demonstrate diligence in identifying the proper defendant *before* filing the lawsuit and it would have been easy to do so.

¶ 27    To allow Ms. Lumpuy's claim to proceed would significantly prejudice Chicago Wax in maintaining a defense against the lawsuit. Indeed, our supreme court has established that the basic policy of the statute of limitations is to afford a defendant " 'a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible.' " *Segal v. Sacco*, 136 Ill. 2d 282, 286 (1990) (quoting *Geneva Construction Co. v. Martin Transfer & Storage Co.* 4 Ill. 2d 273, 289–90 (1954)).

¶ 28    Accordingly, we find that the second condition of section 2-616(d) is not satisfied. No evidence shows that Chicago Wax had *notice* of Ms. Lumpuy's action, or that it *knew or should have known*, that there was a lawsuit being brought against it by Ms. Lumpuy. Chicago Wax argued, and the trial court agreed, that to allow Ms. Lumpuy's lawsuit to proceed under these facts and circumstances would be prejudicial to its ability to defend itself. Thus, the relation-back doctrine does not apply to keep the amended complaint from being time barred. The trial court properly dismissed Ms. Lumpuy's amended complaint.

¶ 29                                  CONCLUSION

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 31    Affirmed.