STEVEN SWIETON, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—1319

Opinion filed December 5, 1984.

Neville, Pappas & Mahoney, Ltd., of Chicago (George Pappas, of counsel), for appellant.

James D. Montgomery, Corporation Counsel, of Chicago (Jerome A. Siegan and Lynn K. Mitchell, Assistant Corporation Counsel, of counsel), for appellees city of Chicago and Chicago Fire Department.

Jacobs, Burns, Sugarman & Orlove, of Chicago (Robert S. Sugarman and Stephen B. Horwitz, of counsel), for appellee Chicago Fire Fighters Union, Local 2.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Steven Swieton, initially brought this action against the city of Chicago, the Chicago fire department, William Blair, the fire commissioner, and James R. Fahey, the director of personnel of the fire department (hereinafter sometimes referred to collectively as City), alleging that he had been wrongfully discharged from his employment as a fire fighter with the department and seeking reinstatement and back pay. Subsequently, the trial court determined that the Chicago Fire Fighters Union, Local No. 2, International Association of Fire Fighters, AFL-CIO, the collective bargaining agent representing fire fighters employed by the department, was a necessary party and ordered that the union be joined as a defendant. Pursuant to that order, Swieton filed his second amended complaint, adding the union as a defendant and alleging, in part, that the union breached its duty under the collective bargaining agreement between the union and the city, to provide him with fair representation throughout the grievance procedures. Thereafter, the trial court granted motions to dismiss filed by both the union and the City, ruling that Swieton failed to exhaust the internal union appeals procedures under the constitution of the International Association of Fire Fighters and that the allegations of the second amended complaint, that the union breached its duty of fair representation, were couched in conclusory terms, and were not sufficient to state a cause of action against the union. Swieton now appeals from the order dismissing the second amended complaint as to the City and the union.

The second amended complaint alleges that Swieton was employed as a fire fighter by the Chicago fire department; that during the fire fighters' strike of 1980, a fire occurred on February 14, 1980, at 4144 North Kenmore in Chicago; that this fire was investigated by the internal affairs division of the department; that on March 5, 1980,

and on at least one occasion thereafter, the supervisor of the internal affairs division of the department, who held the rank of captain, sought the cooperation of Swieton, then a member of the department, in the investigation of the fire; that on March 5, 1980, and on at least one occasion thereafter, this captain, who was responsible for conducting the investigation, informed Swieton's attorney that Swieton's position as a fire fighter in the department would be secure and Swieton would not be disciplined or discharged if he cooperated with the investigation and provided certain information concerning his knowledge as to how the fire started; that this captain assured Swieton's attorney that Swieton would remain employed as a fire fighter in the department if he cooperated in the investigation and prosecution of the individuals responsible for starting the fire; that Swieton, through his attorney, relied on these representations and promises; that Swieton cooperated fully in the investigation of the parties responsible for setting the fire;[1] that Swieton was never charged with a criminal offense in connection with the fire; that contrary to the aforementioned representations, defendant Fahey notified Swieton that he was discharged from his employment as a fire fighter in the department; that Swieton, as a member of the union, sought reinstatement to his position through the three-step grievance procedure of the collective bargaining agreement between the city of Chicago and the union; that Swieton advised the union of the promises made to him; that the union employed the first two steps of this grievance procedure in an effort to have Swieton reinstated to his position, but the City and department refused to reinstate Swieton; that only the union or the City had the power to invoke arbitration under the third step of the collective bargaining agreement. With respect to arbitration, the second amended complaint alleges:

"18. The Union, without any explanation to plaintiff for its decision, has wrongfully refused to invoke arbitration as set forth in Step III of said agreement *** even though plaintiff has made oral and written demands upon the Union *** that it invoke arbitration on behalf of plaintiff so that he is afforded a hearing by the American Arbitration Association concerning the propriety of defendant's decision to discharge plaintiff.

19. Plaintiff has made every effort to exhaust all grievance and arbitration procedures as set forth in said collective bar-

---

[1]Other pleadings state that Swieton cooperated in the prosecution of two striking firemen charged by indictment with arson and that these individuals were convicted.

gaining agreement, but the Union has wrongfully refused to process plaintiff's grievance under Step III of the collective bargaining agreement. Furthermore, the Union has breached its duty to represent plaintiff fairly in the resolution of plaintiff's grievance with the other defendants."

In the prayer for relief, Swieton asked for both reinstatement to his position as a fire fighter and compensation for lost wages from the time of his discharge from employment.

The trial court dismissed the second amended complaint for the reasons stated at the outset of this opinion. We first consider the trial court's ruling that the allegations regarding the union's breach of its duty to provide representation were couched in conclusory terms and were not sufficient to state a cause of action against the union. We disagree.

Section 13.3 of collective bargaining agreement between the union and the city describes the union's duty of fair representation. It provides:

"The Union recognizes its responsibility as bargaining agent and agrees to fairly represent all employees in the bargaining unit without discrimination, interference, restraint or coercion. The Union's duty of fair representation shall be carried out in conformity with the standard enunciated by the United States Supreme Court in *Vaca v. Sipes,* 386 U.S. 171."

In *Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903, the Supreme Court stated:

"A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. \* \* \*

Though we accept the proposition that a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion, we do not agree that the individual employee has an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement." (*Vaca v. Sipes* (1967), 386 U.S. 171, 190-91, 17 L. Ed. 2d 842, 857-58, 87 S. Ct. 903, 916-17.)

(See also *Archie v. Chicago Truck Drivers, Helpers & Warehouse Workers Union* (7th Cir. 1978), 585 F.2d 210, 219-20.) Moreover, "[m]ere negligence cannot rise to the level of misconduct necessary to support an action for breach of the Union's duty of fair representation." *Hoffman v. Lonza, Inc.* (7th Cir. 1981), 658 F.2d 519, 523.) According to the Seventh Circuit's opinion in *Hoffman,* conduct which is merely negligent is not arbitrary, discriminatory or in bad faith. 658 F.2d 519, 523.

■ In our opinion, Swieton's second amended complaint alleges more than mere negligence, and pleads sufficient facts which, if proved, would support an inference of discrimination and bad faith in the union's handling of this grievance. The second amended complaint alleges that the union was made aware during the initial stages of the grievance procedure that Swieton was promised that he would not be fired from his job if he cooperated in the arson investigation and that Swieton cooperated fully in the investigation. It alleges that the union, at plaintiff's insistence, employed Steps I and II of the collective bargaining agreement grievance procedure in an effort to have plaintiff reinstated to his position, but that the City has failed to reinstate him, and that Swieton made repeated demands upon the union to invoke Step III, so that he would be afforded an arbitration hearing by the American Arbitration Association on the propriety of defendant's decision to discharge plaintiff but the union did not do so; and the union never gave Swieton any explanation for its decision not to invoke arbitration. Moreover, exhibits attached to the second amended complaint would support a conclusion that Swieton's grievance was processed in a perfunctory fashion. They tend to establish that, although under the collective bargaining agreement the union had 15 days to invoke arbitration after Step II of the grievance procedure was denied,[2] it was not until after the 15-day period had expired that the union grievance committee met to consider arbitration of the grievance, and it was not until four days after this meeting that Swieton received a letter from the union indicating that the union would not seek arbitration.

In short, we are of the opinion that under the allegations of the second amended complaint, facts could be proved which would establish that the union breached its duty of fair representation. Accordingly, we conclude that the trial court erred in ruling that the allegations of the second amended complaint concerning the union's breach of its duty of fair representation were not sufficient to state a cause of action.

■ We next consider the trial court's second reason for granting the motions to dismiss, i.e., that Swieton failed to exhaust the internal union appeals procedure. The constitution of the International Association of Fire Fighters in article XVIII, sections 3, 4 and 5, provides a three-step procedure to be followed in appealing a decision of a local

---

[2]Section 10.2 of the collective bargaining agreement, in relevant part, provides:
> "Step III. If the grievance remains unresolved within fifteen (15) business days after the reply of the Fire Commissioner is due, either party may, by written notice to the other party, invoke arbitration."

We believe that this sentence should read as if there was a comma after the word "unresolved."

union. These steps are: appeal to the international president; appeal to the executive board; and appeal to the international convention. Swieton argues that under the facts and circumstances of this case, exhaustion of these internal union remedies should not be required to get judicial review of the decision of Local No. 2 not to invoke arbitration.

Although Swieton does not appear to dispute that exhaustion of internal union remedies is generally required, he relies upon *Clayton v. UAW* (1981), 451 U.S. 679, 68 L. Ed. 2d 538, 101 S. Ct. 2088, to argue that the exhaustion requirement can and should be excused in the instant case. In *Clayton*, the United States Supreme Court held that where internal union appeals procedure cannot result in a reactivation of the employee's grievance or an award of the complete relief sought in his suit under section 301 of the Labor Management Relations Act, exhaustion will not be required with respect to either a suit against the employer or a suit against the union. In reaching this holding, the court stated:

> "[C]ourts have discretion to decide whether to require exhaustion of internal union procedures. In exercising this discretion, at least three factors should be relevant: first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing of his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under sec. 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust." 451 U.S. 679, 689, 68 L. Ed. 2d 538, 548-49, 101 S. Ct. 2088, 2095.

The City and the union contend that *Clayton* is not applicable to the instant case because it "involved issues arising under federal labor law and did not seek to address the question of labor relations in the public sector—which is exclusively an area of local—not federal—concern." Although we may not be bound by the Supreme Court's decision in *Clayton*, we believe that the public policy of Illinois supports the Supreme Court's recognition of the discretion of courts to excuse the requirement of exhaustion of internal union procedures. Accordingly, we believe that the Illinois courts should consider the factors set forth in *Clayton* in deciding whether to require exhaustion of internal union procedures.

Swieton contends that all three of the factors stated in *Clayton* are

present in the instant case. We, however, do not consider whether the first and third factors exist in this case, because we are of the opinion that the second factor clearly exists and that is sufficient to excuse Swieton's failure to exhaust the internal union procedures.

In this action, Swieton seeks reinstatement as well as monetary relief. While we cannot say whether monetary relief may be had through the internal union procedures, it is clear that the union, through its internal procedures, could not reinstate Swieton in his job. Thus, the internal procedures could not award Swieton all the relief he seeks. Moreover, the length of time it would have taken Swieton to exhaust the internal procedures would bar him from receiving an arbitration hearing because the collective bargaining agreement requires that arbitration be invoked within 15 days after Step II is denied.[3] Since Swieton could not obtain under the internal procedures either the substantive relief he seeks or reactivation of his grievance, we believe that requiring exhaustion of these procedures would be a useless gesture. It would delay judicial consideration of Swieton's action, but would not eliminate it, because the employee would still be required to pursue judicial means to obtain the relief he seeks. (*Clayton v. UAW* (1981), 451 U.S. 679, 693, 68 L. Ed. 2d 538, 551, 101 S. Ct. 2088, 2097.) Accordingly, we conclude that the trial court abused its discretion by ruling that Swieton was required to exhaust the internal union appeals procedure under the union constitution.

The City and the union argue, however, that this court can affirm the judgment of the court below if that judgment is supported by any reason appearing in the record, regardless of whether the particular reason given by the trial judge was correct or sound. Accordingly, they argue that the union's refusal to arbitrate was manifestly reasonable and that they were entitled to summary judgment. In this regard, they observe that the union had moved for summary judgment in the court below. The trial court never passed on the union's motion for summary judgment because it granted motions to dismiss filed by both the union and the City. Moreover, it is unclear from the record whether Swieton had adequate opportunity to respond to the motion for summary judgment before the trial court decided to grant the motions to dismiss. Under these circumstances, we decline to address this issue at this time.

■■ Lastly, we address the City's argument that if we reverse the trial court's order dismissing Swieton's complaint, we should also hold that if the trial court on remand finds a breach of the duty of fair rep-

---

[3]See Note 2.

resentation, then the propriety of the decision to discharge Swieton must be determined by arbitration.

We find the decision of the United States Supreme Court in *Vaca v. Sipes* instructive on this issue. In that case, the Supreme Court stated:

> "We think that another situation when the employee may seek judicial enforcement of his contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee. To leave the employee remediless in such circumstances would, in our opinion, be a great injustice. \*\*\*

> \*\*\* [W]e think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." (*Vaca v. Sipes* (1967), 386 U.S. 171, 185-86, 17 L. Ed. 2d 842, 855, 87 S. Ct. 903, 914.)

We think that this position allowing judicial enforcement of contractual rights is sound, and accordingly we reject the City's argument.[4] Moreover, the City's argument assumes that the trial court will find that the union breached its duty of fair representation. If this finding is ultimately made, we are concerned that the union may not adequately represent Swieton at an arbitration hearing.

For the aforementioned reasons, the judgment of the trial court is reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.

---

[4]See Note 2. We also observe that the City would not have invoked arbitration within the 15-day period.