JOHN N. COSENTINO, Plaintiff-Appellant, v. EDWARD A. PRICE *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 84—1798

Opinion filed August 27, 1985.—Rehearing denied September 30, 1985.

Warren G. Fox and Robert F. Klimek, both of Klimek & Richiardi, Ltd., of Chicago, for appellant.

Sidney Sherman, of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff John N. Cosentino filed a complaint against defendants, Edward A. Price and Photoplate, Inc., alleging retaliatory discharge and breach of a collective bargaining agreement. After a series of amendments and hearings, on motion of defendants, the trial court dismissed both the retaliatory discharge and breach of contract counts. At a hearing on plaintiff's motion to vacate the dismissal, the trial court gave the plaintiff a final opportunity to present a proposed valid complaint. After considering the motion and the proffered complaint, the trial court denied leave to file the complaint and denied the motion to vacate.

The issues presented on appeal are: (1) whether the count alleging

a retaliatory discharge was properly stricken and the action dismissed; (2) whether plaintiff's amended complaint alleging breach of contract was properly stricken and the action dismissed; and (3) whether plaintiff's motion to vacate the dismissal was properly denied.

Plaintiff was employed as a truck driver by defendant, Photoplate, Inc. (hereinafter defendant). Defendant Price is the president of Photoplate, Inc. Plaintiff was a member of the International Brotherhood of Teamsters, Local 705 (hereinafter the union). Defendant and the union were parties to a collective bargaining agreement (hereinafter the agreement) on behalf of the union's members who were employed by defendant. The agreement established certain procedures for the disposition of employee grievances.

On or about July 1981, plaintiff filed a grievance against defendant alleging that he was threatened with a layoff if he continued to demand certain cost of living increases which he claimed were due him under the agreement. He was laid off on May 18, 1981, and requested compensation for the cost of living increases and time lost because of this alleged improper layoff. The grievance proceeding was completed on July 7, 1981, with the following result:

> "After reviewing the testimony, and in agreement with the driver, the decision is that the grievant is to be recalled from lay off as of Monday, July 13, 1981, with compensation for two (2) weeks pay, and the company is to make his vacation pay whole.
>
> The grievant is satisfied with the union representation, and the outcome of his grievance meeting."

After his recall, plaintiff worked one week and was again laid off. He filed another grievance on October 1, 1981, alleging that other persons were doing the work that had previously been his. On October 13, 1981, the following decision was rendered:

> "After hearing the case, there was no documented evidence presented that the company is using other people to do the grievants work, therefore, the grievance is denied. The grievant is satisfied with the union representation."

On October 14, 1982, plaintiff instituted this action in the circuit court of Cook County. The complaint and several amendments were stricken or dismissed. The amendments will be discussed only as they are necessary to the proper disposition of the issues on appeal.

Plaintiff's amended complaint alleged a retaliatory discharge and breach of the collective bargaining agreement. The retaliatory discharge count alleged that plaintiff asserted certain claims pursuant to

the collective bargaining agreement; and that defendant threatened to discharge him if he persisted, and did thereafter discharge him.

After a hearing, the court dismissed the retaliatory discharge count with prejudice. The breach of contract count was stricken for failure to allege exhaustion of the contractual remedies prior to filing suit. Plaintiff was given leave to file an amended breach of contract pleading.

Plaintiff's next amended complaint included an allegation that plaintiff exhausted his contractual remedies. In response to defendant's bill of particulars, plaintiff stated that the contractual remedies he pursued consisted of the two grievance proceedings mentioned above.

Once again, defendant moved to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619), citing the collective bargaining agreement which provided that the grievance procedure was plaintiff's exclusive remedy and that the results shall be final and binding on the parties. Defendant also alleged that plaintiff failed to plead unfair union representation at the grievance proceedings, thereby rendering the amended complaint fatally defective. Due to a clerical error, plaintiff's attorney did not appear at the hearing on the motion to dismiss. After considering the briefs filed by the parties, the trial court agreed with the defendant and dismissed the amended complaint with prejudice.

Plaintiff then filed a motion to vacate the *"ex parte"* dismissal. At a hearing on the motion, the court gave plaintiff an opportunity to present a viable cause of action asserting unfair union representation at the grievance proceedings in the face of his admitted satisfaction with union representation. Another amended complaint was proffered. The court denied leave to file the proposed complaint because it failed to state a cause of action and was also barred by the statute of limitations. The court also denied the motion to vacate the *"ex parte"* dismissal. Plaintiff filed this timely appeal.

## I

■ A motion to dismiss admits all facts that are well pleaded as well as reasonable inferences which may be drawn from those facts. (*Faerber Electrical Co. v. International Telephone & Telegraph Corp.* (1984), 123 Ill. App. 3d 704, 707, 463 N.E.2d 820.) "Although pleadings are to be liberally construed, and a defendant's motion to dismiss admits all facts well pleaded, nonetheless, in considering a motion to dismiss, the pleadings are to be construed strictly against the

pleader." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421, 430 N.E.2d 976.) Moreover, a basic legal deficiency in a pleading cannot be aided by any principle of liberal construction or argument. (*Spiegel v. Sharp Electronics Corp.* (1984), 125 Ill. App. 3d 897, 899, 466 N.E.2d 1040.) Applying these principles to the present case, it is clear that plaintiff's count purporting to allege a retaliatory discharge is insufficient.

A cause of action for retaliatory discharge is recognized in Illinois independent of any remedy the employee may have based on a collective bargaining agreement. (*Midgett v. Sackett-Chicago, Inc.* (1984), 105 Ill. 2d 143, 152, 473 N.E.2d 1280.) Plaintiff is not required to plead the exhaustion of grievance procedures to sustain the cause of action. (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 184-85.) To state a cause of action, "[a]ll that is required is that the employer discharge the employee in retaliation for the employee's activities, and that the discharge be in contravention of a clearly mandated public policy." (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134, 421 N.E.2d 876.) Conversely, an employer may discharge an employee without liability under a retaliatory discharge theory where there is no clear mandate of public policy involved (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130), or where it is clear that only private interests are involved (*Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181, 185).

Here, the retaliatory discharge tort is based upon rights claimed by the plaintiff pursuant to a collective bargaining agreement. The defendant contested plaintiff's interpretation of the contract. Thereafter, plaintiff was discharged over this disputed contractual claim. The underlying controversy is a private contractual dispute. Plaintiff has failed to allege ultimate facts to show that his discharge was in contravention of a clearly mandated public policy.

■ On appeal, plaintiff has made reference to certain provisions of the Illinois Wage Payment and Collection Act (Ill. Rev. Stat. 1983, ch. 48, par. 39m—14) to support his theory that the present controversy embodies a clearly mandated public policy. However, this theory was not presented at trial. It is well settled that the theory upon which a case is tried cannot be changed on review, and an issue not presented to or considered by the trial court cannot be raised for the first time on appeal. (*Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 25, 473 N.E.2d 588.) The theory upon which the case was submitted to the trial court is treated as the law of the case on appeal, and a theory not presented to the trial court is waived for purposes of appeal. *Johnson v. Burlington Northern, Inc.* (1982), 107 Ill.

App. 3d 130, 138, 437 N.E.2d 334, *appeal denied* (1982), 91 Ill. 2d 570.

We therefore conclude that the trial court properly dismissed the retaliatory discharge count.

## II

■ A wrongfully discharged employee may bring an action against his employer in the face of a defense based upon failure to exhaust contractual remedies. However, the employee must allege and prove that the union, as bargaining agent, breached its duty of fair representation in its handling of the employee's grievance. (*Swieton v. City of Chicago* (1984), 129 Ill. App. 3d 379, 383, 472 N.E.2d 503.) Similarly, an employee may sue his employer after a grievance procedure or arbitration, provided that the employee first obtains a court finding that the union breached its duty of fair representation in the prior proceedings. (*Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903.) Plaintiff's amended complaint, based on breach of contract, was legally insufficient for failure to allege unfair union representation at the grievance proceedings. Thus, the trial court properly struck this complaint and dismissed the action.

## III

■ The trial court generously gave the plaintiff a final opportunity to proffer a legally sufficient pleading while considering plaintiff's motion to vacate the dismissal of the case. The proposed complaint attempted to bring the union into the case as an additional party defendant. In view of the admissions on record confirming his satisfaction with union representation, his attempted allegations of improper union representation failed to breathe new life into the fatally defective pleadings.

The trial court also correctly noted that the proposed complaint against the union was barred by the statute of limitations. In *Fisher v. Illinois Office Supply Co.* (1984), 130 Ill. App. 3d 996, 474 N.E.2d 1263, the court applied a six-month statute of limitations in an almost identical context. There, plaintiff had filed a complaint alleging both wrongful discharge and unfair union representation against both his former employer and the union, approximately one year after disposition of plaintiff's grievance. The court, while recognizing the viability of the underlying action, nonetheless affirmed dismissal on the ground that a six-month limitation was applicable in that case.

In the present case, plaintiff filed his complaint and amendments thereto only against his former employer. Plaintiff, through his last

proposed amended complaint, was attempting to add the union as a party defendant for alleged unfair representation occurring in 1981, an action clearly prohibited by the applicable statute of limitations.

Having determined that the plaintiff did not advance any viable substantive basis to pursue further pleading, the trial court considered plaintiff's motion to vacate what plaintiff incorrectly characterized as an *"ex parte"* dismissal order. "An *ex parte* order, which is clearly within the power of the court to enter, is by definition an order originally granted at the instance and for the benefit of one party, without notice to or contestation by any person adversely interested." *American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316, 325-26, 391 N.E.2d 532.

■ Although plaintiff's counsel did not appear at the hearing on the motion to dismiss, his absence was not prejudicial to his client. Under similar circumstances, we denied a motion to vacate in *Burgess v. Chicago Sun-Times* (1985), 132 Ill. App. 3d 181. In the case before us, counsel for both parties filed written briefs. The trial court held that the motion to dismiss "was heard on the merits and a determination was made at that time ***." Accordingly, the trial court properly denied the motion to vacate.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS, P.J., and PERLIN, J., concur.