(No. 93-CC-3138–

GONZALO M. PADILLA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 6, 1998.*

*Order on petition for rehearing filed April 20, 1999.*

GEORGE C. PONTIKES & ASSOCIATES (GEORGE C. PONTIKES, of counsel), for Claimant.

JIM RYAN, Attorney General (TOMAS A. RAMIREZ, Assistant Attorney General, of counsel), for Respondent.

ORDER

EPSTEIN, J.

This employee's wrongful discharge claim is before us on the Respondent's motion to dismiss: (1) for failure to exhaust Claimant's administrative remedies, (2) as barred

by settlement of the parties; (3) as barred by the limitation of section 11 of the State Labor Relations Act. (5 ILCS 315/11.) Also before us is the Claimant's motion for an extension of time, to the end of February 1998, to respond to the motion to dismiss.

We have reviewed the complaint, the motion to dismiss, and the Claimant's extensive motion for an extension of time, and have noted the failure of the Claimant to file anything further despite the passage of the requested additional time in his motion.

We now take up the exhaustion aspect of the Respondent's motion to dismiss, which we are constrained to grant on the pleadings. The Claimant's complaint as well as the Respondent's submissions establish the undisputed—and admitted—fact that the Claimant, following his disputed discharge by the (former) Department of Mental Health and Developmental Disabilities ("DMHDD") did not pursue the arbitration remedy provided for in his union contract with the State, of which he claims to be (and we assume for this purpose that he is) a third-party beneficiary. That arbitration procedure was an available remedy for his discharge (and may have been his sole remedy, although we do not decide that).

Under the exhaustion of remedies doctrine of section 25 of the Court of Claims Act (705 ILCS 505/25) and of Rule 790.90 of the Court of Claims Regulations (74 Ill. Admin. Code §790.90), a failure to pursue an alternative remedy or source of recovery precludes a judgment of this Court against the State. When, as here, the alternative remedy has been waived or is no longer available, and our statutory exhaustion precondition can no longer be met, this Court can never render an award for the Claimant— even if he or she were otherwise entitled to relief—and thus, the claim becomes jurisdictionally deficient. .

Accordingly, and irrespective of the merits of the underlying claim, irrespective of the jurisdictional issues that arise on this claim for breach of a collective bargaining agreement, and irrespective of the other issues raised in the Respondent's motion to dismiss which we do not reach and on which we express no view, this claim must be dismissed for failure of the Claimant to exhaust his available alternative remedy of arbitration.

We do not perceive that there is any reason, at this ultra-tardy stage or on this one issue, to wait further for Claimant to respond. The Court will entertain a timely motion for rehearing in the event that Claimant can point to any misapprehended law or facts in this order.

It is therefore ordered:

1. Claimant's motion for an extension of time in which to respond to the motion to dismiss is denied as moot; and

2. This claim is dismissed with prejudice and forever barred.

## ORDER

EPSTEIN, J.

This employment termination claim is back before the Court on the Claimant's petition for rehearing of our order of April 6, 1998, in which we dismissed this claim with prejudice for failure of Claimant to exhaust his administrative remedies, as required by section 25 of the Court of Claims Act. (505 ILCS 5/25.)

This action is based on the collective bargaining agreement ("CBA") between Claimant's union, the American Federation of State, County and Municipal Employees ("AFSCME"), and the Respondent's Department of Central

Management Services and former Department of Mental Health and Developmental Disabilities ("DMHDD"), which Claimant seeks to enforce as a third-party beneficiary. Claimant alleges that his employment with DMHDD was terminated without "just cause" in violation of the CBA.

It is undisputed that the Claimant did not pursue his grievance through all of the internal DMHDD procedures provided under the four-step grievance and arbitration procedures in Article V of the CBA; Claimant's grievance was settled and the administrative process terminated shortly before his arbitration was scheduled.

However, Claimant now asserts that his claim was settled by AFSCME without his concurrence and over his objection (petition for rehearing, pars. 5-6) and that he did not willingly fail to pursue his administrative grievance remedies (*ibid.,* pars. 7-8):

"7. Pursuant to Article V, Section 1 of the collective bargaining agreement, only the union has the authority to submit a grievance to arbitration. Therefore, [Claimant] could not have proceeded with this claim, independently of the union when the union attorney refused to proceed with the arbitration.

8. It is clear that [Claimant] had no further administrative remedies to exhaust before proceeding ° ° ° in this Court."

Although it is not clear on the face of the CBA whether or not AFSCME has the *exclusive* right to bring and control employment grievances on behalf of its members, as Claimant contends, it is clear that Article V authorizes the union to represent its members in the grievance process, and the agreement is at least susceptible of the construction that Claimant postulates. For purposes of the motion to reconsider, the Court will accept Claimant's interpretation of the union's controlling role in the grievance process, including the final arbitration procedure.

Thus, we arrive at the exhaustion avoidance argument now advanced by this Claimant: that he should be excused from the exhaustion requirement (or that it does not apply to him) because he did not control his administrative claim and because he did not approve of the abandonment of the grievance procedures that was effected for him by the union.

We reject this argument. Claimant's reliance on the notion of a rogue agent—*i.e.*, his own union allegedly acting contrary to his wishes and interests—is grandly misplaced.

First, the Claimant, as principal or beneficiary, is bound by his authorized agent's authorized actions. There is no claim here that AFSCME's settlement of Claimant's employment claim and its termination of his administrative grievance was *un*authorized or illegal or otherwise not binding. To the contrary, Claimant *asserts* that the union had complete control of his grievance despite his disapproval and objection; that contractually-delegated control is the crux of his argument for rehearing. That control, however, is also part of the parties' bargained-for agreement in the CBA.

Second, having contracted away his autonomy as to employment grievances to his union, the Claimant cannot now disclaim that representation without grounds that are not alleged here:

"A wrongfully discharged employee may bring an action against his employer in the face of a defense based on failure to exhaust contractual remedies. However, the employee must allege and prove that the union, as bargaining agent, breached its duty of fair representation in its handling of the employee's grievance. (*Swieton v. City of Chicago* (1st Dist. 1984), 129 Ill. App. 3d 379, 383, 84 Ill. Dec. 543, 472 N.E.2d 503.) Similarly, an employee may sue his employer after a grievance procedure or arbitration, provided that the employee first obtains a court finding that the union breached its duty of fair representation in the prior proceedings. (*Vaca v. Sipes* (1967), 386 U.S. 171, 17 L.Ed. 2d 842, 87 S. Ct. 903.)

*Cosentino v. Price* (1st Dist. 1985), 136 Ill. App. 3d 490, 495, 483 N.E.2d 297, 300, 91 Ill. Dec. 15, 18."

Third, even if Claimant could successfully divorce himself from the acts of his union representative, insofar as the record shows, he did not attempt to contest AFSCME's acts and did not seek to pursue the arbitration or to repudiate the settlement he now claims to have disapproved.

Fourth, and still assuming *arguendo* that the CBA grants complete control over employee grievances to the union, the *Respondent,* as contracting employer, has a right to rely on that contractual control provision and the settlement that it produced. Claimant cannot unilaterally abrogate or avoid the contract.

In the final analysis, it simply does not matter who actually made the decision not to pursue Claimant's grievance. It was not pursued by him or on his behalf. Pursuit of his claim to exhaustion of the administrative process is a statutory condition of obtaining relief in this Court. We find no basis on which to permit this claim to proceed in the face of this undisputed record of an intentional failure to exhaust administrative remedies by an authorized contractual agent who settled the claim.

Finally, we observe in passing that Claimant's premise—that the union has complete control of its members' employment claims under the CBA—is facially inconsistent with Claimant's standing to bring this claim in this Court "independently of the union," as he states he is doing. We do not reach this issue, but point this out as another unresolved twist in Claimant's position on rehearing.

For all of the foregoing reasons, Claimant's petition for rehearing is denied.