GERARD TORLEY *et al.,* Plaintiffs-Appellees, *v.* FOSTER G. McGAW HOSPITAL *et al.,* Defendants-Appellants.

First District (2nd Division)   No. 82—2585

Opinion filed June 21, 1983.—Rehearing denied August 2, 1983.

Cassiday, Schade & Gloor, of Chicago (Joseph A. Camarra, Richard A. Barrett, Jr., and Kevin G. Burke, of counsel), for appellants.

Henry J. Sullivan, Satwant Samra, and Lawrence T. Stanner, all of Chicago, for appellees.

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiffs, Gerard and Pat Torley, filed a medical malpractice complaint in which Foster G. McGaw Hospital (McGaw) was named as a party defendant and certain physicians, nurses and technicians were designated respondents in discovery (respondents) pursuant to section 21.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 21.1), now section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—402). Plaintiffs subsequently attempted to make two such respondent physicians parties defendant in amended pleadings. Thereafter, the circuit court denied their respective motions to dismiss and certified a number of questions concerning section 21.1 and its application in the instant case for immediate consideration by this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). We granted leave to appeal.

The issues presented for review include whether: (1) plaintiffs were required under section 21.1 to serve respondent physicians, who were made defendants, with summons while they were respondents in discovery or whether other facts may be considered with regard to said service; (2) plaintiffs were required to initiate discovery as to respondent physicians during the statutory six-month period while they were respondents in discovery and prior to their being made defendants in this action; (3) plaintiffs have filed suit against respondent physicians within the appropriate statute of limitations; and (4) section 21.1 is unconstitutional. We reverse and remand on other grounds.

Plaintiffs filed their initial two-count complaint on February 13, 1980, the second count of which was for Pat's loss of society and consortium. Count I alleged that in the course of performing coronary bypass surgery on Gerard, "defendant [McGraw] and others" negligently injured the left median nerve in his left arm and later negligently failed to ascertain that they had and so failed to minimize the damage done to the nerve. In that complaint, plaintiffs designated Dr. Henry J. Sullivan and Dr. Satwant Samra, among others, as respondents in discovery. Six months later, July 11, 1980, plaintiffs filed an amended complaint in which they named as defendants Drs. Sullivan, Samra and others previously designated as respondents. The re-

cord contains no notice of motion nor any motion demonstrating plaintiffs' application to the circuit court for leave to file such an amended complaint, nor does the record contain any order of court authorizing them to do so.

On May 12, 1981, plaintiffs amended their amended complaint alleging that Sullivan had told plaintiffs that the condition of Gerard's hand and arm was nothing to be concerned about, and they would get better on their own accord in one to six months. They also alleged that they first began to suspect that the condition of Gerard's hand and arm was the result of someone's negligence in June 1978 after therapy and the administration of a nerve block and carpal tunnel failed to improve the condition of his hand and arm. The record is devoid of any notice, motion or order seeking leave to file or authorizing the filing of this amendment.

Upon filing their appearances, Drs. Sullivan and Samra moved to dismiss the amended complaint for plaintiffs' failure to file their cause of action against them "**** within two years of the date on which the claimant knew, or through the use of reasonable diligence should have known of the existence of the injury for which damages are sought," because treatment was alleged to have been accorded Gerard between February 10 and 27, 1978, particularly surgery on February 13, 1978, yet no action was filed against them until July 11, 1980. Further, defendants sought dismissal upon the ground that section 21.1 was unconstitutional. Defendants filed a memorandum in support of their motion.

Plaintiffs filed a memorandum in opposition to the motion in which plaintiffs' counsel swore to the following facts: After filing the original complaint, he promptly directed the sheriff's office to serve all persons named in the complaint. Two months later, his only associate left him. In May 1980, counsel was stricken with a major heart attack and was scheduled to undergo open heart surgery on August 15, 1980. During the intervening months, his doctor told him that it was "critical" that he not give any thought to his practice. In July, however, counsel discussed some business matters with a lawyer with whom he shared office space and asked him to amend plaintiffs' complaint to name as parties defendants those persons whom he had previously designated as respondents in discovery and have a copy of the amended complaint served upon them. Dr. Sullivan received a copy of the summons shortly thereafter, but Dr. Samra's was returned "not found." Counsel learned of this fact in September when he returned to work. He later learned that Dr. Samra was living in Michigan. He filed another summons which Dr. Samra received early in October. In

recounting the procedures followed, no mention is made in this memorandum of plaintiffs having first sought and received leave of court to file the amended complaint.

The circuit court denied the motion to dismiss, from which this appeal proceeds.

Section 21.1 is a procedure which a plaintiff may elect or decline to utilize, at his option. It is intended to avoid actually naming individuals as defendants in malpractice actions by permitting a plaintiff to conduct discovery concerning his claim before he must decide upon who or who not to sue. When a plaintiff adopts that procedure and names a person as a respondent in discovery, he must then follow the pertinent provisions of the statute. Among those provisions is the following:

> "Persons so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, *on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 110, par. 21.1.)

The record in the instant case contains no motion filed by plaintiffs seeking to add as defendants Drs. Sullivan and Samra as the above statutory provision requires, nor is there any order of court authorizing them to do so. On oral argument, this court *sua sponte* raised this issue and counsel was unable to answer it satisfactorily. In trial counsel's affidavit of facts filed in opposition to defendants' motion to dismiss, the procedures said to have been followed in this case omit any mention of such motion or order for leave to amend.

The right to file an amended complaint naming as additional parties defendant those persons previously named respondents in discovery is little different from the right to add additional parties under former section 26 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 26), now section 2—407 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—407). In section 2—407, the language requiring court authority for leave to amend is somewhat different from that contained in section 21.1, but the principle is the same. There, the requirement set forth is that "new parties may be added *** by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix." Under section 21.1, the only authority plaintiff is given to add respondents in discovery as defendants is *on motion.* As in other cases, it is the court which may allow or deny leave to do so. The further requirement for adding such defendants is that the evi-

dence disclose the existence of probable cause for such action. Although defendants assert that the "evidence" to which the statute refers means that which has been adduced by means of discovery during the six-month statutory period, we see no reason to engraft such a requirement on this procedure where the legislature itself has not done so. It would be equally absurd to construe this provision as permitting plaintiff to make the unilateral judgment that such probable cause does indeed exist without court authorization. The statute must reasonably be read as requiring the court to which the motion is addressed to make such a finding on whatever evidence may be presented and to grant or deny leave to add respondents in discovery as parties defendant.

In *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 881-82, 417 N.E.2d 134, we considered whether a complaint could be amended *ex parte* by a plaintiff without leave of court first sought and received, and we held:

> "The controlling question is whether plaintiff may be permitted to amend his complaint and add a new claim against a new party without leave of court. The answer, as found in Illinois case law, is that he may not. (See *Reinhardt v. Security Insurance Co.* (1936), 287 Ill. App. 320, 322, 4 N.E.2d 883 (failure to obtain leave to amend complaint is grounds for striking the amendment); *Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 22, 401 N.E.2d 1049; see also *George F. Mueller & Sons,* at 880 (parties added without leave of court; service of process and judgment held void); *Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 681, 320 N.E.2d 132 (record did not reflect that leave to add defendant was granted, therefore court had no jurisdiction over that person).) The necessity of leave of court is also implicit in cases holding that plaintiff's right to amend his complaint is not absolute, and that, while permission is to be liberally allowed, the trial court has discretion to deny leave to amend a complaint. See, e.g., *Beresky v. Teschner* (1978), 64 Ill. App. 3d 848, 856, 381 N.E.2d 979."

We see no reason to depart in the instant case from the rules set forth above.

Plaintiffs' failure to secure leave of court to add Drs. Sullivan and Samra as defendants in compliance with section 21.1 deprives the circuit court of jurisdiction over them and denies to plaintiffs the right to proceed against them as defendants since the time within which they could properly have done so has elapsed. Accordingly, we need

24

not address the other issues raised in the appeal.

For the foregoing reasons, we reverse the judgment of the circuit court and remand with directions to grant Drs. Sullivan's and Samra's motions to dismiss.

Reversed and remanded.

DOWNING, P.J., and STAMOS, J., concur.