CAROL ANN CLARK, Ex'x of the Estate of Ronald Hartzler, Plaintiff-Appellant, *v.* BROKAW HOSPITAL *et al.*, Defendants (Dr. John J. Schetz *et al.*, Respondents-Appellees; Dr. Robert A. Kooker, *et al.*, Respondents).

Fourth District   No. 4—83—0849

Opinion filed August 15, 1984.

TRAPP, J., concurring in part and dissenting in part.

Lester Berry Smith, Ltd., of Peoria (M. Michael Waters, of counsel), for appellant.

Bane, Allison, Saint & Ehlers, P.C., of Bloomington (John R. Bailen, of counsel), for appellees.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

A matter of procedure.

The adding of respondents in discovery as defendants to the lawsuit.

Carol Ann Clark, as executrix of the estate of Ronald Hartzler, filed a complaint against Brokaw Hospital on February 3, 1983. Doctors John Schetz and Douglas Bey were named as respondents in discovery to this complaint. The single count of the complaint alleged that the failure of the hospital to admit Hartzler for psychiatric care on January 27, 1981, was the proximate cause of his suicide on February 4, 1981.

A first amended complaint was filed on May 19, 1983, and a second amended complaint was filed on July 22, 1983. As in the original complaint, both the first and second amended complaints named Schetz and Bey as respondents in discovery.

On July 28, 1983, plaintiff filed a motion for leave to file a third amended complaint. This complaint added three counts which respectively alleged acts of medical malpractice against Drs. Schetz, Bey, and J. Arber, all three doctors being named as defendants. (Dr. Arber is not a party to this appeal.) Notice of a hearing on the motion for July 29, 1983, was mailed to respondents' attorney on July 26 and an amended notice was hand delivered to respondents' attorney on July 28. Neither respondents nor their attorney appeared at the hearing. The trial court granted plaintiff's motion to file a third amended complaint and the amended complaint—naming respondents

as defendants—was filed on July 29, 1983.

Respondents then filed a motion on September 2, 1983, requesting their dismissal from the lawsuit. The motion alleged that plaintiff failed to comply with provisions of section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—402), governing the addition of respondents in discovery as defendants. After a hearing on the motion, the trial court determined that plaintiff's notices of the hearing of July 29 were not timely and on October 26, 1983, vacated the order of July 29, 1983.

A new hearing was held on plaintiff's motion to file a third amended complaint naming respondents as defendants. The trial court denied the motion and allowed respondents' motion to dismiss on the grounds that plaintiff failed to secure leave of court to add respondents as defendants within six months after they were named as respondents in discovery. This order was entered on December 1, 1983.

Plaintiff's notice of appeal, filed on December 21, 1983, seeks reversal of both the order of October 26, 1983, and the order of December 1, 1983.

I

■ Neither party has raised the issue of whether the order of October 26, 1983, is an appealable order. We have no jurisdiction over nonappealable orders and, therefore, must raise the issue on our own motion. (See *Salyers v. Board of Governors* (1979), 69 Ill. App. 3d 356, 387 N.E.2d 1129.) The order is not appealable for three reasons. *First,* it is questionable whether the motion to vacate was a "final judgment" under Supreme Court Rules 303(a) and 304(a) (87 Ill. 2d Rules 303(a), 304(a)). An order is only appealable if it is final. (*In re Estate of Semeniw* (1979), 78 Ill. App. 3d 570, 397 N.E.2d 64.) *Second,* if the order was final, it was final as to fewer than all of the parties and thus required an express written finding that there was no just reason for delaying enforcement or appeal. (87 Ill. 2d R. 304(a); *Goodrich v. City National Bank & Trust Co.* (1969), 113 Ill. App. 2d 471, 251 N.E.2d 548.) No such finding was made. *Third,* plaintiff's notice of appeal was filed more than 30 days after the order was entered. The timely filing of a notice of appeal is jurisdictional. *Herman v. Hamblet* (1980), 81 Ill. App. 3d 1050, 401 N.E.2d 973; see 87 Ill. 2d R. 303(a).

Plaintiff's appeal from the order of October 26, 1983, is dismissed.

## II

The appeal from the order of December 1, 1983, denying plaintiff's motion for leave to file a third amended complaint and allowing respondents' motion to dismiss, is properly before us. The trial court found that plaintiff failed to comply with section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—402) in that she did not secure leave of court to add respondents as defendants within six months after they were named as respondents in discovery. Section 2—402 provides:

> "Persons *** named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> * * *
>
> A person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period."

According to this section, a respondent in discovery is made a defendant "on motion of the plaintiff," and this must occur within six months after the person is first named as a respondent in discovery. Drs. Schetz and Bey were first named as respondents in discovery in the complaint filed on February 3, 1983. Consequently, plaintiff had until August 3, 1983, to add them as defendants. (Plaintiff does not dispute that the two-year limitation period of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212) expired no later than February 4, 1983.) Plaintiff's motion for leave to file a third amended complaint was filed July 28, 1983—within the six-month period. Although the motion does not state on its face that its purpose was to add respondents as defendants, it does indicate that the third amended complaint was appended. The third amended complaint clearly named Drs. Schetz and Bey as defendants in the caption and in separate counts.

Technically, the respondent in discovery cannot be made a party defendant until the plaintiff obtains leave of court. (*Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7; *Petrella v. Leisky* (1981), 92 Ill. App. 3d 880, 417 N.E.2d 134.) However, leave of court will usually be obtained only after a hearing and ruling on the plaintiff's motion to add the respondent in discovery as

a defendant. Since the plaintiff cannot assure that his motion will be immediately heard and ruled on, the time required for a hearing and a ruling on the motion is not chargeable to him. Therefore, if the plaintiff files the appropriate motion within the six-month period, and the motion is subsequently allowed, the respondent in discovery will be made a defendant under section 2—402, even though the motion was not heard and ruled on until after the six-month period. To require that a hearing be held or that leave of court be secured within the six-month period would undermine the purpose of the statute.

The legislative history of section 2—402 indicates that its purpose was to provide plaintiff's attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant. It was believed that the label of "defendant" in a medical malpractice suit contributed to the spiraling cost of medical malpractice insurance. See transcript of proceedings, House of Representatives, June 10, 1976, at 32-33.

The procedures of section 2—402 are not mandatory, and the plaintiff's attorney still has the option to name persons as defendants, rather than respondents in discovery, at the outset. It is unlikely that plaintiff's attorneys would avail themselves of this section if they were required to not only file a motion to add respondents as defendants within the six-month period but also possess the good fortune of having the hearing scheduled and the motion ruled on within that time period. The cost of losing such a gamble would be not only the dismissal of a potential defendant from the lawsuit but also the potential liability of a legal malpractice action.

■ We hold, therefore, that a respondent in discovery may be made a defendant under section 2—402 pursuant to a motion by the plaintiff for leave to file an amended complaint where the motion is filed within six months after the respondent is first named in the complaint as a respondent in discovery *and* either (1) the motion indicates on its face that the purpose of the amendment is to add the respondent in discovery as a defendant or (2) the amended complaint naming the respondent as a defendant is presented or filed with the motion. The addition of the defendant as a party, of course, will only occur if the motion is allowed.

Our holding is consistent with *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7. In *Torley,* the plaintiff filed a complaint which named Drs. Sullivan and Samra as respondents in discovery. Six months later, the plaintiff filed an amended complaint which named the two doctors as defendants. The record

on appeal did not contain a motion seeking leave to file the amended complaint or an order of the court authorizing the filing of the amended complaint. The appellate court held that "[p]laintiffs' failure to secure leave of court to add Drs. Sullivan and Samra as defendants in compliance with section 21.1 [now section 2—402] deprives the circuit court of jurisdiction over them and denies the plaintiffs the right to proceed against them as defendants since the time within which they could properly have done so has elapsed." 116 Ill. App. 3d 19, 23, 452 N.E.2d 7, 10.

■■ *Torley* held that the mere filing of an amended complaint within the six-month period was insufficient where the plaintiff failed to obtain leave of court to add respondents in discovery as defendants. We agree. If plaintiff had only filed her third amended complaint within the six-month period, and did nothing else, respondents would not have been added as defendants. However, plaintiff here moved for leave of court to file the third amended complaint within the six-month period. This was the essential step omitted by the plaintiff in *Torley*.

Respondents have moved to strike from the record on appeal evidence depositions of Drs. Bey, Schetz, and Arber. The motion is allowed for the reason that the depositions were not before the trial court at the time the order appealed from was entered.

Respondents' motion to strike is allowed.

Plaintiff's appeal from the order of October 26, 1983, is dismissed.

Reversed and remanded.

MILLER, J., concurs.

JUSTICE TRAPP, concurring in part and dissenting in part:

I concur in the dismissal of the appeal of the trial court order dated October 26, 1983.

I dissent from the portion of the opinion which reverses the order of the trial court dated December 21, 1983, wherein plaintiff's motion to add count II and count III to the amended complaint was denied and the motion to dismiss filed by Schetz and Bey, respondents in discovery, was granted as to them.

The latter order of the trial court includes the specific finding:

> "That Plaintiff herein failed to secure leave of Court to add John J. Schetz and Douglas R. Bey as Defendants within the time above described."

Within the context of the language in *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7, this finding should control upon the facts in issue here. In that opinion, it is said:

"Under section 21.1 (now section 2—402 of the Code of Civil Procedure), the only authority plaintiff is given to add respondents in discovery as defendants is *on motion.* As in other cases, it is the court which may allow or deny leave to do so. The further requirement for adding such defendants is that the evidence disclose the existence of probable cause for such action. \* \* \* It would be equally absurd to construe this provision as permitting plaintiff to make the unilateral judgment that such probable cause does indeed exist without court authorization. The statute must reasonably be read as requiring the court to which the motion is addressed to make such a finding on whatever evidence may be presented and to grant or deny leave to add respondents in discovery as parties defendant." 116 Ill. App. 3d 19, 22-23, 452 N.E.2d 7, 9-10.

The opinion here rests upon the fact that a third amended complaint adding the defendants was filed on July 29, 1983. The handwritten order of that date does not show Schetz and Bey present in person or by counsel, but notes the objection of an original defendant in the action. Moreover, this opinion does not grapple with the fact that at a hearing upon the motion of Schetz and Bey to dismiss the third amended complaint, the trial court on October 26, 1983, vacated the order of July 29 which granted leave to file the third amended complaint and add Schetz and Bey as defendants for the reason that the motion for leave "[w]as not served timely," and

"ORDERED that this Court's Order of July 29, 1983, granting Plaintiff leave to file its Third Amended Complaint is hereby set aside and is of no force or effect with regard to Respondents, JOHN J. SCHETZ and DOUGLAS R. BEY."

The record supports the conclusion of the trial court that plaintiff failed to comply with the Uniform Rules of Practice adopted throughout the circuit, and to hold otherwise would recognize such rules as a ruin of meaningless desuetude. Upon such facts, the filing of a motion to dismiss and obtaining a ruling thereon was a rational procedure to produce a rational result. I would affirm the trial court.