BLANCA FLORES, Special Adm'r of the Estate of Guadalupe Flores, Deceased, Plaintiff-Appellant, v. ST. MARY OF NAZARETH HOSPITAL *et al.*, Defendants (Jitenbdue Parmer *et al.*, Defendants-Appellees).

First District (3rd Division)   No. 85—2586

Opinion filed July 30, 1986.—Modified on denial of rehearing November 19, 1986.

James H. Canel, Ltd., and Leonard C. Arnold, Ltd., both of Chicago (James H. Canel and Patricia N. Hale, of counsel), for appellant.

Terrence E. Kiwala and Mark D. Ginsburg, both of Rooks, Pitts & Poust, of Chicago, for appellee Bruno Cortis.

Miles J. Zaremski and David J. Schwartz, both of Lurie, Sklar & Simon, Ltd., of Chicago, for appellee Jitenbdue Parmer.

JUSTICE WHITE delivered the opinion of the court:

Blanca Flores, as special administrator of the estate of Guadalupe Flores, sued several persons, alleging that they committed acts of medical negligence which caused Guadalupe's death. She also named several other persons, including Dr. Jitenbdue Parmer and Dr. Bruno Cortis, as respondents in discovery. She subsequently sought leave to add Parmer and Cortis as defendants. Parmer and Cortis moved for dismissal from the lawsuit because plaintiff did not move to add them as defendants within six months of naming them as respondents in discovery, as required by section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—402). The trial court granted Parmer's and Cortis' motions, and plaintiff appeals.

Guadalupe Flores died on July 29, 1982. His widow, Blanca Flores, and their five children, then between 6 and 12 years of age, survived him. Blanca filed her four-count complaint on November 14, 1983. In counts I and II, she sought recovery for Guadalupe's pain and suffering, and for his funeral expenses. In counts III and IV she sought recovery under the Wrongful Death Act (Ill. Rev. Stat. 1983, ch. 70, par. 1 *et seq.*). On April 9, 1984, the trial court granted plaintiff leave to file an amended complaint naming Parmer and Cortis, along with several other persons, as respondents in discovery pursuant to section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—402). Plaintiff moved to add Parmer and Cortis as defendants on November 19, 1984. Parmer moved to dismiss plaintiff's motion. On January 24, 1985, while both plaintiff's and Parmer's motions were pending, plaintiff moved for leave to file a second amended complaint and for leave to add Parmer and Cortis as new defendants, or in the alternative, for leave to add them as defendants under section 2—402. The trial court granted plaintiff's motion to file a second amended complaint and add Parmer and Cortis as new defendants, but it did not decide whether the cause was barred against these defendants by the operation of section 2—402.

On February 22, 1985, Parmer again moved for dismissal from the case on the grounds that he was not made a defendant within six months of being named as a respondent in discovery. On April 8, 1985, Cortis moved for dismissal from the case on substantially the same grounds as Parmer advanced. At a hearing on the motion, the court asked Parmer's attorney about the statute of limitations applicable to each count of the complaint. The attorney stated that there was

a two-year limitations period for the wrongful death action, but for the other counts, "the statute of limitations is somewhat longer ***. I believe that it's a four or five year statute of limitations. And we are not making any contention with respect to that." Counsel for Cortis adopted the arguments of Parmer's counsel. The trial court granted the motions of both defendants.

Plaintiff contends that the trial court erred in interpreting section 2—402 as an absolute bar to all attempts to join respondents in discovery as defendants more than six months after they are named as respondents in discovery. Section 2—402 provides in relevant part:

> "Persons *** named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> * * *
>
> A person named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." Ill. Rev. Stat. 1983, ch. 110, par. 2—402.

■■ The section clearly grants a plaintiff the right to make a respondent in discovery a new defendant in a cause of action after the limitations period for that cause has run, if plaintiff moves to name him as a defendant within six months after naming him as a respondent in discovery. (*Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 782-83, 467 N.E.2d 652.) Defendants claim that the statute also implies that plaintiffs have no right to name new defendants in a cause of action more than six months after plaintiffs named the proposed defendants as respondents in discovery, even if the statute-of-limitations period for the cause of action has not run.

■■ ■ Our interpretation of section 2—402 is guided by the general principle that our first duty is to give effect to the legislature's intent, and in so doing, we must look first to the language of the statute itself. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277, 469 N.E.2d 167.) We will not read into a statute words which are neither expressly included in the statute nor found therein by fair implication. (*People ex rel. Nelson v. Olympic Hotel Building Corp.* (1950), 405 Ill. 440, 448, 91 N.E.2d 597.) We construe statutes in light of the objectives the legislature sought to achieve in enacting the legislation. *Gill v. Miller* (1983), 94 Ill. 2d 52, 56, 445 N.E.2d 330.

■ The words of the statute do not require the construction defendants urge upon us. Section 2—402 does not state, on its face, that it has any effect when the limitations period for the underlying cause of action has not run. The statute does not contain any of the conventional phrases the legislature has used to express limitations, such as: "No person shall commence an action *** unless within [some time after an event]." Ill. Rev. Stat. 1983, ch. 110, pars. 13—101, 13—102, 13—103.

Moreover, defendants' interpretation conflicts with the policies underlying the statute.

> "The legislative history of section 2—402 indicates that its purpose was to provide plaintiff's attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant. It was believed that the label of 'defendant' in a medical malpractice suit contributed to the spiraling cost of medical malpractice insurance. See transcript of proceedings, House of Representatives, June 10, 1976, at 32-33.
>
> The procedures of section 2—402 are not mandatory, and the plaintiff's attorney still has the option to name persons as defendants, rather than respondents in discovery, at the outset." (*Clark v. Brokaw Hospital* (1984), 126 Ill. App. 3d 779, 783, 467 N.E.2d 652.)

Plaintiffs generally would be unlikely to avail themselves of this section if use of the section subjects them to the severe penalty of having their actions barred within six months, even though the statutory limitation periods for the underlying causes of action have not run. If plaintiffs elect not to use the procedures established in section 2—402, the section will entirely fail to achieve the legislature's objectives. Parmer argues that his interpretation of the statute will achieve the legislature's objectives because use of section 2—402 substantially benefits plaintiffs in other ways, and therefore plaintiffs will employ the provision even if it shortens the period in which they may add new defendants. Parmer points to plaintiffs' discovery rights and to the respondents' lack of any right to engage in reciprocal discovery or to challenge the sufficiency of a complaint. However, a respondent in discovery has the right to be made a defendant upon his own motion. (Ill. Rev. Stat. 1983, ch. 110, par. 2—402.) Therefore, if the respondent chooses, the plaintiff loses all such advantages afforded by use of the statute. Since those benefits for plaintiffs are illusory, we conclude that plaintiffs will be considerably less likely to use section 2—402 if we adopt Parmer's interpretation of the section.

Furthermore, "[s]tatutes prescribing a relatively short period of

time for outlawing actions are usually construed narrowly to the extent necessary in order to give the owner of a cause of action a fair opportunity to prosecute his claim." (3 A. Sutherland, Statutory Construction, sec. 70.03 (4th ed. 1974).) We believe that the six-month period must be construed only to extend, and never to foreshorten, the limitation period. Section 2—402 is irrelevant to motions to add defendants made within the limitations period for a cause of action, even if the plaintiff previously named the new defendant as a respondent in discovery.

■ The trial court relied on *Torley v. Foster G. McGaw Hospital* (1983), 116 Ill. App. 3d 19, 452 N.E.2d 7, to support its conclusion that plaintiff was barred from adding Parmer and Cortis as defendants by section 2—402 without reference to the statutes of limitations for the causes of action stated in the complaint. Plaintiff in *Torley* was injured on February 13, 1978, and he filed his initial complaint for medical malpractice on February 13, 1980, the day on which the limitations period for his cause of action expired (Ill. Rev. Stat. 1979, ch. 83, par. 22.1). He named certain physicians as respondents in discovery, and on July 11, 1980, he filed an amended complaint naming the respondents in discovery as defendants. He did not move for leave to file the amended complaint. The appellate court held that section 2—402 required the plaintiff to file a motion to name respondents in discovery as defendants within six months of naming them as respondents in discovery. (116 Ill. App. 3d 19, 22-23, 452 N.E.2d 7.) That holding is consistent with our reading of section 2—402: when a plaintiff relies solely on section 2—402 to avoid the preclusive effect of a statute of limitation, he must comply with all of the provisions of that section. In the instant case, plaintiff claims that she did not need to rely on section 2—402 because the limitations periods for her causes of action had not yet run. We hold that the trial court erred in barring plaintiff's causes of action without deciding whether the limitations periods for her causes of action had run.

■ Parmer and Cortis contend that we should affirm the dismissal of counts III and IV of the complaint because the limitation period for wrongful-death actions had run prior to the date on which plaintiff filed her motion for leave to add Parmer and Cortis as defendants. The Wrongful Death Act provides:

"Every such action shall be commenced within 2 years after the death of such person ***. *** However, if a person entitled to recover benefits under this Act, is, at the time the cause of action accrued, within the age of 18 years, he or she may cause such action to be brought within 2 years after attainment of

the age of 18. \*\*\*"(Ill. Rev. Stat. 1983, ch. 70, par. 2(c).) Plaintiff first moved to add Parmer and Cortis as defendants on November 19, 1984, more than 27 months after Guadalupe Flores died. However, the Wrongful Death Act clearly establishes that Guadalupe's five minor children are entitled to recover any amounts for which defendants may be liable. (Ill. Rev. Stat. 1983, ch. 70, par. 2.) Therefore, an action may be brought on behalf of each minor child until he or she is 20 years old. (*Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 73, 382 N.E.2d 784.) All five of the children were minors on November 19, 1984. Since the limitations period for the wrongful-death action on behalf of the children had not yet expired when the motion to add Parmer and Cortis as defendants was filed, the trial court decision to dismiss Parmer and Cortis from the wrongful-death action was erroneous.

■ However, claims brought on behalf of Blanca Flores are governed by the two-year limitations period indicated in the Wrongful Death Act. Her motion to add Parmer and Cortis was not made within the time prescribed in the Wrongful Death Act, and it was not made within six months of the date on which she originally named Parmer and Cortis as respondents in discovery, as required by section 2—402. Therefore, plaintiff's claims on her own behalf brought under the Wrongful Death Act against defendants Parmer and Cortis are barred.

■ Defendants argue that the causes of action stated in counts I and II of the second amended complaint are barred because they are similarly governed by a two-year statute of limitations period. Plaintiff maintains that defendants waived this issue when they stated to the trial court that these counts were governed by a four- or five-year statute of limitations period. In general this court does not consider any issue not presented to the trial court. (*Cosentino v. Price* (1985), 136 Ill. App. 3d 490, 494, 483 N.E.2d 297.) However, an appellee may "defend a judgment on appeal by raising an issue not considered by the trial court if the necessary factual basis for determination of the point is contained in the record." *Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 25, 473 N.E.2d 588.

Under section 13—212 of the Code of Civil Procedure:

"No action for damages for injury or death against any physician \*\*\* arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known \*\*\* of the injury or death for which damages are sought in the action \*\*\*." (Ill. Rev. Stat. 1981, ch. 110, par. 13—212.)

Our supreme court has held that the statutory period "starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869.

Although it is clear from the record that Guadalupe suffered injury on or before July 29, 1982, there is no clear indication of the date on which plaintiff knew or should have known that the injury was caused by wrongful actions. (See *Snyder v. Judar* (1985), 132 Ill. App. 3d 116, 119, 477 N.E.2d 47.) Therefore, the record does not contain facts sufficient for determination of the date on which the statute of limitations started to run. Accordingly, we hold that defendants have waived this issue for purposes of review.

We reverse the trial court decision to dismiss defendants Parmer and Cortis from counts I and II of the second amended complaint, and we reverse the decision to dismiss Parmer and Cortis from counts III and IV insofar as those counts are brought on behalf of Guadalupe's five minor children. We affirm the trial court decision to dismiss Parmer and Cortis from counts III and IV of the second amended complaint insofar as those counts are brought on behalf of Blanca Flores. We remand for further proceedings in accord with this opinion.

Affirmed in part, reversed in part, and remanded.

RIZZI, P.J., and McGILLICUDDY, J., concur.