PETER GUERTIN *et al.*, Plaintiffs-Appellees, v. HAZEL GUERTIN, Defendant-Appellant (First Midwest Bank/Illinois, f/k/a National Bank of Joliet, Defendant).

Third District   No. 3—90—0127

Opinion filed October 12, 1990.

Bennett J. Braun, of Stefanich, McGarry, Wols & Okrei, Ltd., of Joliet (Roman Okrei, of counsel), for appellant.

Timothy J. Rathbun, of McKeown Law Office, of Joliet, for appellees.

JUSTICE GORMAN delivered the opinion of the court:

Defendant Hazel Guertin (Hazel) appeals from the trial court's issuance of an indirect civil contempt order. We vacate the contempt order.

Peter Guertin, Jeanette Wheeler, Arthur Guertin (now deceased) and Wilfred Guertin (now deceased) are siblings. Hazel was the wife of Arthur Guertin. From 1975 until his death in 1988, Wilfred lived in a boarding house near Arthur and Hazel in Joliet, Illinois. Wilfred was blind and dependent upon Arthur and Hazel for assistance.

Shortly after moving to Joliet, Wilfred purchased three certificates of deposit with the First National Bank of Joliet (n/k/a First Midwest Bank/Illinois). These certificates of deposit totalled $55,000 and represented the bulk of Wilfred's net worth. In 1987, Wilfred executed his last will, distributing his property equally among his then-surviving brothers and sister. However, prior to execution of the will, Wilfred made Arthur and Hazel joint tenants with him on the certificates of deposit.

After Wilfred's death, Peter and Jeanette speculated that the inclusion of Arthur and Hazel as joint tenants on the certificates of deposit could have been the result of undue influence exerted by Hazel or that Wilfred did not know that he was adding them as joint tenants. Peter and Jeanette filed an unverified equitable bill of discovery in order to depose Hazel and First Midwest Bank to aid in possible claims.

Hazel filed a special and limited appearance, moving to dismiss the petition on the basis that the court possessed no jurisdiction over the subject matter in that the petition was merely one to seek discovery to determine whether a cause of action existed against a known defendant. The motion was denied. Hazel moved for an order authorizing an interlocutory appeal. This also was denied. Hazel then moved this court for leave to appeal in order to avoid having to be held in contempt for this court to consider the issue. The appellees filed both a motion to dismiss the appeal and a motion to impose sanctions pursuant to section 2—611 of the Code of Civil Procedure (Ill.

Rev. Stat. 1989, ch. 110, par. 2—611). Both motions were allowed.

When this cause was remanded to the trial court, Peter and Jeanette set Hazel's deposition. Hazel did not appear, and the court held her to be in civil contempt. She was ordered to pay total fines and costs of $100. Hazel appeals, requesting that this court vacate the trial court's order holding her in indirect civil contempt.

■■ ■ Generally, a court order is conclusive and must be obeyed until it is modified or set aside. While contempt is a proper means for a court to enforce its orders, contempt will not lie where the court lacked jurisdiction to enter such an order. (*Jenner v. Wissore* (1988), 164 Ill. App. 3d 259, 517 N.E.2d 1220; *People v. Huntley* (1986), 144 Ill. App. 3d 64, 493 N.E.2d 1193.) Jurisdiction in a particular case constitutes not only the power of a court to hear and determine the matter before it, but also the power to render particular judgment in it, and every act of a court beyond its jurisdiction is void. *Talandis Construction Corp. v. Illinois Building Authority* (1978), 60 Ill. App. 3d 715, 377 N.E.2d 237.

The relief sought in this case was requested in the form of an "equitable bill of discovery." Appellees speculated that Hazel had exerted undue influence over Wilfred and sought to depose her and the bank officials *before* the filing of a complaint. The issue before us is whether the trial court had jurisdiction to grant the appellees' motion. If the trial court had jurisdiction, the order of contempt should be enforced. If the court was without jurisdiction, then its action was void *ab initio* and the court's contempt citation must be vacated.

At common law, the courts had no power to require a party to an action to answer interrogatories. The equitable bill of discovery was used to enable a plaintiff to obtain information and prepare his cause for trial on the ultimate issues. (16 Ill. L. & Prac. *Discovery* §2 (1971).) These bills were made ancillary to already pending claims for substantive legal or equitable relief. See, *e.g., Ashton v. Macqueen* (1935), 361 Ill. 132, 197 N.E. 561; *Brandenburg v. Buda Co.* (1921), 299 Ill. 133, 132 N.E. 514; *Kendallville Refrigerator Co. v. Davis* (1891), 40 Ill. App. 616; *Philadelphia Fire Insurance Co. v. Central National Bank* (1878), 1 Ill. App. 344.

We have found only one case where a court allowed a party's motion for an equitable bill of discovery in the absence of any pending claims for relief. In *City of Chicago v. Hart Building Corp.* (1969), 116 Ill. App. 2d 39, 253 N.E. 496, the contemnor (Keefe) had served as a receiver appointed by the court to manage certain properties. Keefe attempted to conceal his self-dealing in the receivership properties through subterfuge. The City of Chicago, alleging that

Keefe had breached his fiduciary duty, brought an equitable bill of discovery against Keefe seeking certain information. Keefe initially moved to strike the pleading, arguing that the trial court had no jurisdiction over him or the subject matter since his final report had been approved and he had been discharged as a receiver. Additionally, he contended that as the city's petition was not ancillary to and in aid of any pending civil suit at law, the bill was an improper pleading. The trial court rejected these arguments and refused to strike the City's bill. Keefe eventually gave a full account of what had transpired and he was held in contempt of court.

On appeal, Keefe contended once again that the trial court did not have jurisdiction over him. The appellate court rejected Keefe's argument. Acknowledging this to be a unique application of the bill, the court in *Hart Building* limited its holding by stating "[w]ithin the unusual facts of this case, we hold that no error was committed when the City commenced these proceedings with its petition for disclosure, thereby compelling Keefe to produce the necessary information." *Hart Building*, 116 Ill. App. 2d at 49.

We have found only one case in which a court applied the *Hart Building* decision. (See *People v. B.R. MacKay & Sons, Inc.* (1986), 141 Ill. App. 3d 137, 490 N.E.2d 74.) We note that in that case, as in *Hart Building*, an individual had made misrepresentations to a court in a previous matter. As did the court in *Hart Building*, the court in *B.R. MacKay & Sons* indicated that it was "the unusual facts present" in the case and the predicament that "[t]o rule otherwise would allow respondent to profit from its own wrongs" that provided the impetus for the unusual decision. *B.R. MacKay & Sons, Inc.*, 141 Ill. App. 3d at 140-41.

Under the Code of Civil Procedure (Code) discovery, including the taking of depositions, is to be conducted in accordance with the rules. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1003 (a), (b).) Accordingly, it is necessary to examine the Code and the supreme court rules to determine if the equitable bill of discovery has been codified.

■ Supreme Court Rule 224 (134 Ill. 2d R. 224) is entitled "Discovery Before Suit to Identify Responsible Persons and Entities" and provides, in pertinent part:

"(i) A person or entity who wishes to engage in discovery for the sole purpose of ascertaining the identity of one who may be responsible in damages may file an independent action for such discovery.

(ii) The action for discovery shall be initiated by the filing of a verified petition in the circuit court of the county in which

the action or proceeding might be brought or in which one or more of the persons or entities from whom discovery is sought resides. \*\*\* The order allowing the petition will limit discovery to the identification of responsible persons and entities \*\*\*.''

Supreme Court Rule 224 is inapplicable to the instant case as the identity of the defendant is already known. Additionally, it must be noted that Rule 224 requires a verified petition. The petition in the instant case was unverified. Accordingly, even if this rule had been applicable, the appellees failed to comply with the procedural requirements of the rule.

Appellees contend that section 2—402 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—402) represents a codification of the common law equitable bill of discovery and that their motion falls within the purview of section 2—402. We disagree with both of these assertions.

Section 2—402, entitled ''Respondents in discovery'' states in part:

"The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 110, par. 2—402.

■■ ■ Initially, we note that the appellees' brief cites no authority for the proposition that section 2—402 is a codification of the equitable bill of discovery. We have found no authority to support this proposition. It is our opinion that the equitable bill of discovery, utilized in a time when courts were without power to compel discovery, has been rendered obsolete by our current system of pleading and practice. By the very clear language of section 2—402 (see italics in the statute) it is contemplated that a complaint has been filed with at least one named defendant before a party may employ section 2—402. We therefore reject the appellees' argument that section 2—402 applies to the instant case.

■■ We find no other grounds, either in the Code or the rules, to support the trial court's granting of appellees' motion to depose Hazel prior to the filing of a complaint. Accordingly, we are of the opinion

that the trial court was without jurisdiction to compel Hazel's deposition. The trial court's action was void *ab initio* and must be reversed. As the underlying action was outside the trial court's jurisdiction, the contempt citation must be vacated.

For the reasons listed above, the order of the circuit court of Will County requiring Hazel to make herself available for deposition is reversed. The contempt citation issued against Hazel for failing to comply with the deposition order is vacated.

Order reversed; contempt citation vacated.

SCOTT and BARRY, JJ., concur.