THOMAS B. TOD JACOBS, Indiv. and as Special Adm'r of the Estate of Andrew Jacobs, Deceased, Plaintiff-Appellant, v. ABBOTT LABORATORIES *et al.*, Respondents in Discovery-Appellees.

Fifth District   No. 5—90—0408

Opinion filed May 23, 1991.

Jay M. Watts, of Decatur, for appellant.

Richard F. Record, Jr., of Craig & Craig, of Mattoon, for appellee H.L. Chen.

Daniel P. Wurl, of Webber & Thies, P.C., of Urbana, for appellee Abbott Laboratories.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Thomas B. Tod Jacobs, and his former wife were the parents of Andrew Jacobs, who was born on January 5, 1987, with severe birth defects. Dr. H.L. Chen was the mother's gynecologist. Mr. and Mrs. Jacobs were divorced on August 28, 1987. Andrew died on February 27, 1988. Plaintiff was subsequently appointed administrator of his deceased son's estate and thereafter filed the present action pursuant to section 2—402 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—402), naming Dr. Chen and Abbott Labs as respondents in discovery, but naming no party defendants. Both filed motions to dismiss, which the court granted after a hearing. The court agreed with respondents' arguments that the complaint as drafted was not authorized by law as it charged respondents with negligence and sought monetary damages but named no defendants. The court also found that the complaint was fatally defective because there were no actual defendants named and that while not specifically raised in the motion to dismiss, this argument was a logical extension of the arguments respondents set forth.

On appeal, plaintiff first argues that the trial court erred in ruling that because his pleading named no defendant it was fatally defective and could not be cured. Plaintiff maintains that this argument was not advanced by either defendant in their motions to dismiss, although it was argued during the hearing on the motions. The trial

court reasoned that while such an argument was not specifically stated in the motions to dismiss, it was a logical extension of the arguments contained therein and was in fact argued by the parties. We agree. In his motion to dismiss, Dr. Chen alleges that he is not named as a defendant in plaintiff's complaint, only as a respondent in discovery, and that allegations of negligence and prayers for monetary damages cannot be directed against a respondent in discovery. At the hearing on the motion, he argued that section 2—402 operates only where there is a named defendant, that because he is not named as a defendant the statute does not authorize a recovery against him, and that it should be dismissed because it names no defendant. Further, not only did plaintiff fail to object to this argument at the hearing on the motions to dismiss, he responded to the argument at length, thereby waiving this argument for purposes of appeal. See *Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 929-30, 464 N.E.2d 1226, 1229-30.

■ Plaintiff next argues that section 2—402 does not mandate the naming of a party defendant and that had the legislature intended to require the naming of a defendant to proceed under section 2—402, it would have done so in clear and explicit terms. In support of his position, plaintiff cites *Whitley v. Lutheran Hospital* (1979), 73 Ill. App. 3d 763, 392 N.E.2d 729. In *Whitley*, the court did not specifically address the issue of whether section 2—402 requires the naming of at least one defendant, but the court mentioned in a footnote that the legislative history of section 2—402 indicated that no named defendant would be required. (73 Ill. App. 3d at 765 n.1, 392 N.E.2d at 732 n.1.) Plaintiff indicated in oral argument that, although he had initially intended to name Abbott Labs as a defendant, it was upon this *dicta* that he subsequently decided to name no defendants. This issue was addressed in the recent case of *Guertin v. Guertin* (1990), 204 Ill. App. 3d 527, 561 N.E.2d 1339. In *Guertin*, the court stated that "[b]y the very clear language of section 2—402 *** it is contemplated that a complaint has been filed with at least one named defendant before a party may employ section 2—402." (*Guertin*, 204 Ill. App. 3d at 531, 561 N.E.2d at 1392.) Section 2—402 provides in pertinent part as follows:

> "The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, *other than the named defendants*, believed by the plaintiff to have information essential to the determination of who should properly be named as *additional defendants* in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause of such action." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 2—402.)

We find the *Guertin* court's interpretation of section 2—402 in this regard to be persuasive. The language of section 2—402 clearly contemplates the existence of a named defendant. Further, it is inappropriate to go beyond this language and examine the legislative history in an attempt to determine legislative intent because the language of a statute is clear and unambiguous. (*In re Marriage of Mostow* (1981), 95 Ill. App. 3d 915, 917-18, 420 N.E.2d 731, 733; *Rushton v. O'Malley* (1980), 89 Ill. App. 3d 103, 105, 411 N.E.2d 528, 529-30.) We also note that *Guertin* and *Whitley* were both decided by the third district.

For the foregoing reasons, the judgment of the circuit court of Christian County is affirmed.

Affirmed.

LEWIS and CHAPMAN, JJ., concur.