Richard ROE, Plaintiff,

v.

LITTLE COMPANY OF MARY HOSPITAL, et al., Defendants.

No. 91 C 1781.

United States District Court, N.D. Illinois, E.D.

Dec. 18, 1992.

See also 815 F.Supp. 241.

Robert B. Patterson, Drumke & Patterson, Ltd., Chicago, IL, for plaintiff.

Richard C. Bollow, Michael T. Brody, Jenner & Block, Joseph A. Camarra, Cassiday, Schade & Gloor, Robert B. Austin, Lord, Bissell & Brook, Ronald L. Lipinski, Seyfath, Shaw, Fairweather & Geraldson, William Rogers, Bollinger, Ruberry & Garvey, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This case was removed to federal court by defendant American Red Cross ("Red Cross") pursuant to 28 U.S.C. Section 1441(a). Plaintiff Richard Roe ("Roe") filed a timely objection to the removal, asserting that the Court did not have subject matter jurisdiction over the state negligence claims, nor did the Court gain original jurisdiction by the fact that the Red Cross was created by federal statute. Proceedings were stayed by this Court awaiting the Supreme Court's decision on the issue of federal jurisdiction over the Red Cross in *American National Red Cross v. S.G.,* — U.S. —, 112 S.Ct. 2465, 120 L.Ed.2d 201 (1992). On August 12, 1992, based on the Supreme Court's holding that the Red Cross's charter conferred original jurisdiction, this Court denied Roe's motion for remand.

Roe then filed a Motion to Reconsider the Removal Issue (subsequently titled "Plaintiff's Re–Newed Motion for Remand"), arguing that not all defendants had consented to the removal, violating the procedures set down in 28 U.S.C. 1446. The Court denied Roe's re-newed motion for remand in a Memorandum Opinion and Order dated November 20, 1992.

Pending were two motions to dismiss: (1) Motion to Dismiss by Respondents in Discovery, and (2) Defendant United Blood Services' Motion to Dismiss Count II of Plaintiff's Complaint. It was this Court's opinion that these motions should be addressed by the state court in the event the case was remanded. Since the Court has decided that the case shall remain in federal court, the Court now turns to the first of the two pending motions, the Motion to Dismiss by Respondents in Discovery. For the reasons stated below, their motion is granted.

## ANALYSIS

When Roe filed this case in Cook County on February 8, 1991, he named Dr. John O'Donoghue, Dr. Michael O'Donoghue and Dr. Mary Rosenow ("Respondents") as respondents in discovery pursuant to Chapter 110, Ill.Rev.Stat. para. 2–402.[1] Since filing

---

1. The Respondents in Discovery Statute states, in pertinent part:

The plaintiff in any civil action may designate as respondents in discovery in his or her

the suit, Roe has failed to name the respondents as defendants. The six months limitation provided by the statute for discovery relative to these respondents has expired, and the statute of limitations of the potential state law claims against them as defendants has also expired. *See* Ill.Rev.Stat. ch. 110, para. 13–212. For these reasons, the three doctors, still listed as respondents in discovery, have moved move this Court to dismiss them out of the case.

The legislative history of this statute indicates that its purpose was to provide plaintiffs' attorneys in medical malpractice suits with a means for filing medical malpractice suits without naming everyone in sight as a defendant. It was believed by the state legislature that merely naming someone as a defendant in a medical malpractice suit contributed to the spiraling cost of medical malpractice insurance. (*See* transcript of proceedings, Illinois House of Representatives, June 10, 1976, at 32–33.) The legislature, in coming to this conclusion, had considered evidence that "the insurance carriers have arbitrarily assessed a 15 percent surcharge on [a doctor's] premium for each time that he [was] named in a medical malpractice suit." (Transcript of proceedings, Illinois House of Representatives, June 10, 1976, at 35.) A plaintiff who utilizes this statute thereby extends a courtesy to the respondents and at the same time gains the benefit of obtaining discovery from them under court supervision. However, the state courts in Illinois have uniformly held that, where a plaintiff takes advantage of the privileges offered him by paragraph 2–402, he is bound to strictly comply with its provisions. *See, e.g., Torley v. Foster G. McGaw Hospital,* 116 Ill.App.3d 19, 72 Ill.Dec. 75, 452 N.E.2d 7 (1st Dist.

1983). Illinois courts have carefully outlined how the statute must be used.

■ First, a complaint must name at least one defendant before a party may employ paragraph 2–402. *See Armour v. Petersen,* 219 Ill.App.3d 289, 290, 162 Ill.Dec. 374, 579 N.E.2d 1188 (4th Dist.1991); *Gonzales v. Pro Ambulance Service,* 219 Ill.App.3d 284, 286, 162 Ill.Dec. 370, 579 N.E.2d 1184 (4th Dist. 1991); *Jacobs v. Abbott Laboratories,* 213 Ill.App.3d 998, 1000–01, 157 Ill.Dec. 767, 572 N.E.2d 1231 (5th Dist.1991); *Guertin v. Guertin,* 204 Ill.App.3d 527, 531, 149 Ill.Dec. 643, 561 N.E.2d 1339 (3d Dist.1990). A complaint naming only respondents in discovery is not a complaint at law, as it does not charge actionable conduct or seek damages. *Id.*

■ Next, a respondent in discovery may be made a defendant in the cause of action, even after the limitation period for that cause has run, as long as such plaintiff moves the court to change the respondent into a defendant within the six months period of time following his having been named as a respondent in discovery. *See Clark v. Brokaw Hospital,* 126 Ill.App.3d 779, 782–83, 81 Ill.Dec. 781, 467 N.E.2d 652 (4th Dist.1984); *Flores v. St. Mary of Nazareth Hospital,* 149 Ill. App.3d 371, 374, 103 Ill.Dec. 854, 502 N.E.2d 1 (1st Dist.1986). The six-month period only extends, and never foreshortens, the period of the statute of limitations. *Flores,* 149 Ill.App.3d at 376, 103 Ill.Dec. 854, 502 N.E.2d 1.

■ The act of changing a respondent into a defendant may be taken only *on the motion* of a party, and by leave of the court. *Clark,* 126 Ill.App.3d at 782, 81 Ill.Dec. 781, 467 N.E.2d 652; *Torley,* 116 Ill.App.3d at 22, 72 Ill.Dec. 75, 452 N.E.2d 7; *Petrella v. Leisky,* 92 Ill.App.3d 880, 881–82, 48 Ill.Dec. 732, 417

---

pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

. . . .

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period.

Ill.Rev.Stat. ch. 110, para. 2–402.

N.E.2d 134 (1st Dist.1981). At the time that motion is presented, evidence must also be presented that discloses the existence of some probable cause for naming the respondents as defendants. *Torley,* 116 Ill.App.3d at 22–23, 72 Ill.Dec. 75, 452 N.E.2d 7. However, though the motion to add the respondents as defendants must be made within the six-month period of the statute, the hearings on that motion need not be conducted before the end of that period. *Clark,* 126 Ill.App.3d at 783, 81 Ill.Dec. 781, 467 N.E.2d 652. Failure to carry out any of these procedures will completely deprive the court of jurisdiction over the respondents in discovery. *See, e.g., Guertin,* 204 Ill.App.3d at 529, 149 Ill.Dec. 643, 561 N.E.2d 1339; *Torley,* 116 Ill.App.3d at 23, 72 Ill.Dec. 75, 452 N.E.2d 7.

In the present case, while Drs. O'Donoghue, O'Donoghue and Rosenow were properly named respondents in discovery, Roe has never obtained discovery from them nor at any time has he moved the Court to make any of them defendants. In this case, however, Roe was removed involuntarily to federal court and he has been seeking remand from the beginning. The question, therefore, becomes whether Roe has been entitled to seek discovery in this Court and, if so, whether the six-month time limit of the Illinois statute was tolled by and during the time the case has been here.

A state court's power to issue orders with respect to a removed case terminates upon removal. *Continental Illinois National Bank and Trust Co. of Chicago v. Protos Shipping, Inc.,* 472 F.Supp. 979 (D.Ill. 1979); 28 U.S.C. Sec. 1446(d). The plaintiff could not, therefore, have gone to the state court to seek discovery with which to comply with the statute, and this Court does not suggest that he should have. Plaintiff, citing *Bernstein v. Lind–Waldock & Co.,* 738 F.2d 179 (7th Cir.1984), argues that plaintiff Roe could not utilize this Court for discovery purposes, either, without waiving his objections to removal.

In *Bernstein,* the court found that a plaintiff's state claim was not removable to federal court because not all of the defendants had been joined in the removal petition. That court, however, went on to say that a plaintiff waived his right to object to the removal by filing in the federal court an Amended Complaint, thereby affirmatively invoking the jurisdiction of the federal court. Writing for the court, Judge Posner stated:

> [A]fter Bernstein's motion to remand was denied, he threw in the towel, as it were, and filed an amended complaint in federal court that included an unmistakable federal cause of action.... The amended complaint was thus within the original jurisdiction of the federal district courts and it makes no difference that it was filed only because Bernstein's previous suit had improperly been removed.... [O]nce he decided to take advantage of his involuntary presence in federal court to add a federal claim to his complaint he was bound to remain there.

*Bernstein,* 738 F.2d at 185. Based on this language, our Roe has urged that he could not have invoked this Court's power to obtain the discovery he needed from the respondents or to move to join the respondents as defendants because, like the plaintiff in *Bernstein,* he would have been held to have waived his objections to removal.

*Bernstein,* however, is distinguishable from the present case. In *Bernstein,* plaintiff had filed an amended complaint that included a *federal* claim. *Bernstein,* 738 F.2d at 185. Here, to the contrary, Roe would merely have had to have filed a motion, in compliance with the state statute, within time given for that purpose, which would have joined respondents as defendants in the state law action. He would in no way have been "taking advantage" of his presence in federal court.

Certainly, it is clear that the Illinois Statutes and Rules of Procedure discourage dismissal on technical grounds without reaching the merits of a lawsuit. Illinois Supreme Court Rule 183, for instance, provides:

> The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by

the rules to be done within a limited period, either before or after the expiration of the time.

Ill.Rev.Stat. ch. 110A, para. 183. However, it is equally clear that Illinois courts must adhere to the requirements of the respondents in discovery statute.

None of the state cases that discuss the respondent in discovery statute permit the tolling of the six-month time limit. In fact, as pointed out by respondents, in *Murphy v. Giardina*, 78 Ill.App.3d 896, 34 Ill.Dec. 173, 397 N.E.2d 845 (1st Dist.1979), *aff'd* 82 Ill.2d 529, 45 Ill.Dec. 921, 413 N.E.2d 399 (1980), the trial court, the appellate court and the Illinois Supreme Court all have refused to toll the six-month time limit, despite the several procedural and equitable arguments made by the plaintiff before them.

Similarly, in the present case, none of the procedural and equitable arguments urged by plaintiff Roe convince this Court to extend the six-month time limit. The Court never ordered a general stay of discovery or any stay of proceedings that would bring Roe within the provisions of Ill.Rev.Stat. ch. 110, Section 13–216. In addition, neither the inadvertance, mistake nor absence of prejudice alleged by the plaintiff amounts to the showing of "good cause" required under Supreme Court Rule 183 to extend the six-month time limit. *See* Ill.Rev.Stat. ch. 110A, Section 183; *Greene v. City of Chicago*, 48 Ill.App.3d 502, 6 Ill.Dec. 696, 363 N.E.2d 378 (1977); *McClure Engineering Associates, Inc. v. Winter*, 84 Ill.App.3d 231, 39 Ill.Dec. 580, 405 N.E.2d 28 (3d Dist.1980). Nor is the "relations back doctrine" of Ill.Rev.Stat. 110, Section 2–616 applicable in this case. The purpose of that statute is to cure "technical deficiencies of timely-filed complaints." *Jefferson v. Davis*, No. 88–C–1872, 1990 WL 60689, at *2, 1990 U.S.Dist. LEXIS 4682, at *6 (N.D.Ill. April 19, 1990). But naming a party as a respondent in discovery instead of as a defendant can hardly be characterized as a "technical deficiency." Nor is this a case in which respondents acted to mislead the plaintiff and frustrate the discovery process, impeding Roe in the preparation of his case, which would be grounds for extending the time limit under Section 2–616. *Cf., e.g., Lubbers v. Norfolk and Western Railway Company*, 105 Ill.2d 201, 85 Ill.Dec. 356, 473 N.E.2d 955 (1984).

While mindful that neither the legislature nor any previous court decisions have provided clear guidance on this problem, the Court observes that Roe has never sought leave of this Court to conduct discovery for the limited purposes of complying with paragraph 2–402. It is also important to note that the use of 2–402 is optional. A plaintiff may simply name persons as defendants at the outset. *Flores*, 149 Ill.App.3d at 375, 103 Ill.Dec. 854, 502 N.E.2d 1; *Clark*, 126 Ill.App.3d at 783, 81 Ill.Dec. 781, 467 N.E.2d 652. A party may also, of course, amend his complaint to name persons as defendants at any time prior to the expiration of applicable statute of limitations, without regard to the respondents in discovery statute. These options were open to the plaintiff. As indicated in *Bernstein*, merely complying with the Illinois statute would not have waived plaintiff's objections to the removal of this case. Finally, although Roe urges the Court to take account of its "good faith effort to refrain from naming the surgeons as defendants," the Court must also take account of the time and expense court appearances have cost the respondents and the benefit of their appearance Roe wasted by his inaction.

The Court, by its decision today, does not mean to suggest that there are no circumstances under which the six-month time limit might be extended. There are simply no facts that permit it to extend the time limit in the present case.[2] Roe's failure to conduct discovery or seek to name the respondents in discovery as defendants in this action has

---

**2.** However, there is case law to the effect that a time limit may be extended if it is procedural, but may not be extended if it is jurisdictional. *See, e.g., Foiles v. Merrell National Laboratories*, 730 F.Supp. 108, 110 (N.D.Ill.1989); *McNaught v. Avis Rent A Car Systems, Inc.*, No. 91–C–0700, 1992 WL 1733, at *3, 1992 U.S.Dist. LEXIS 8, at *9 (N.D.Ill. Jan. 1, 1992). Since the Illinois courts have consistently considered the six-month limit as a jurisdictional limit, it is possible that a court would have no power to extend that limit in any case.

deprived the Court of jurisdiction over them. Therefore, for the foregoing reasons, the motion to dismiss respondents in discovery must be and hereby is granted.

ACCORDINGLY:

The Motion to Dismiss Respondents in Discovery is granted.

IT IS SO ORDERED.